CHARLES E. THURBER *et ux. vs.* EDWIN F. CARPENTER *et al.*

A mortgage of realty in Rhode Island contained a power of sale which ran to the mortgagee, his executors, administrators and assigns. The foreign administrator of the mortgagee advertised and sold the mortgaged property in this State under the power of sale, the advertisement of the sale being signed by him as "assignee of the mortgagee."

*Held*, that the foreign administrator was an assign within the meaning of the word "assigns" in the power of sale, such a construction comporting with the character and intent of the instrument.

*Held*, further, that the foreign administrator could execute the power of sale in this State, since in doing so he acted not strictly in his capacity as administra-

tor, but rather as the appointee or agent of the mortgagor, being *persona designata* and deriving his authority from the contract of the parties, and not from a court of another State.

*Held,* further, that signing the advertisement as "assignee of the mortgagee" was sufficient without stating the mode of assignment.

BILL IN EQUITY for an injunction.

*January* 28, 1895. STINESS, J. This is a bill to enjoin the completion of a sale of real estate in Pawtucket, in this State, under a power of sale contained in a mortgage given by the complainants to William Carpenter, deceased, late of Attleborough, Massachusetts, and also to set aside the mortgage. The respondent, Edwin F. Carpenter, was duly appointed administrator upon the estate of William Carpenter in Massachusetts, and under the power in the mortgage, which ran to the mortgagee, his executors, administrators and assigns, he advertised the property for sale at public auction, and sold the same to the respondent Phillips. The preliminary question, whether a foreign administrator can execute such a power in this State is the one which is now argued to the court. The advertisement of the sale was signed by "Edwin F. Carpenter, assignee of the mortgagee," and the complainants urge that he was not an assignee, because there had been no formal assignment of the mortgage to him, and also that as administrator in another State, he had no standing or power to act as such in this State. In *Douglas* v. *Hennessy,* 15 R. I. 272, it was held that an administrator is an "assign" of his intestate by act of law, if such a construction comports with the character and intent of the instrument, as it certainly does in this case. The proper name having been signed by one who was in fact an assignee, we do not see that there was need to set out the mode of the assignment, whether by act of the parties or by act of law. But the question remains : Could he, as a foreign administrator, execute the power in this State ?

There can be no doubt of the rule that an administrator cannot sue, as such, outside of the State where he is appointed ; nor of the rule that as to real estate the law of the place where it lies is to govern in case of its transfer. Under

these rules it has been held that a foreign administrator cannot assign a mortgage, where it affects the title to real estate. *Cutter* v. *Davenport*, 1 Pick. 81, was a case of this kind which is very often cited. The opinion held that under the statute, common to most of the States, both the land and the debt were to be treated as personal property in the hands of the executor, and that he could dispose of it as if it had been personal estate pledged, but that the statute related only to local and not to foreign executors and administrators. It then goes on to say that after foreclosure the land becomes the principal thing, because the debt is then extinguished to the extent of the value of the land, and that an administrator who is appointed in the State could not convey real estate, except as provided by statute.

The harmony of these positions is not clearly apparent, but from other parts of the opinion, and from the cases cited, the real ground of the decision seems to be that, as a suit for foreclosure or a writ of entry may be necessary to enforce the right under the mortgage, a foreign administrator cannot give a right which he cannot exercise himself. This seems also to have been one of the grounds of decision in *Kerr* v. *Moon*, 6 Wheat. 565. In *Reynolds* v. *McMullen*, 55 Mich. 568, and in *Sloan* v. *Frothingham*, 65 Ala. 593, the disability of a foreign administrator was based upon statutory provisions. However applicable this rule may be to mortgages which require proceedings for foreclosure, it is to be noted that the modern form of mortgage, with a power of sale, brings in a new and distinct point to be considered. This point is whether the executor or administrator, acting not strictly in his official capacity as the representative of the deceased mortgagee, but rather as *persona designata*, and so as the appointee of the mortgagor, may not exercise the power by virtue of the contract between the parties. This question was early considered by Chancellor Kent in *Doolittle* v. *Lewis*, 7 Johns. Ch. 45, where it was held that the whole authority rested upon the convention of the parties and not upon the decision of any court; that the exercise of the power was a matter of contract and not of jurisdiction, since

the authority to sell is derived from the power and not from the court of probate of another State. So in *Holcombe* v. *Richards,* 38 Minn. 38, and in *Hayes* v. *Frey,* 54 Wisc. 503, it was held that the power was contractual and might be exercised by a foreign executor or administrator. We think the reasoning of these cases is sound. Its adoption carries out the contract of the parties and violates no statute of the State. It prevents conflict of authority, for were an administrator appointed in this State, he might not be able to obtain from the administrator of the domicil of the deceased the evidence of the debt upon which the title under the mortgage must rest.

But it is urged that the mortgagor upon payment of the debt is entitled to have the mortgage discharged upon the record, Pub. Stat. R. I. cap. 176, §§ 6, 7, and that this cannot be enforced against a foreign administrator. Neither can it be enforced against a mortgagee who is out of the State ; yet no one, on that account, would question his power to sell for a default. It is also urged that the records in this State will not show the appointment of the administrator, and so a purchaser cannot know whether he has the right to sell. There is some force in the objection, but the same trouble may be found in other cases. Suppose a living mortgagee assigns his mortgage, a purchaser must satisfy himself of the identity of the assignee as best he can. So with an executor as the agent of the mortgagor named in the power, the purchaser must satisfy himself of identity and consequent authority in the same way. The executor is simply the appointee in the mortgagor's power of attorney. He is the agent of the mortgagor in making the sale and applying the proceeds. He would naturally give, and would be bound to give, all reasonable information as to his agency, and there seems to be no more real difficulty in finding out who is making the sale than in any case of a transfer, where the transferee is out of the State.

We are therefore of opinion that the sale by the respondent executor of the mortgagee was in this respect a valid

sale, and the case will stand for trial upon the issues of fact.

*Joseph Osfield, Jun., & Henry J. Dubois*, for complainants.

*Thomas W. Robinson & James L. Jenks*, for respondents.