CLARENCE C. ANDREWS, Admr., *vs.* FRANCIS L. O'REILLY.

MAY 11, 1912.

PRESENT: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

*(1) Action Against Administrator. Filing Claim in Probate Court. Motion to Dismiss.*

Plaintiff summoned in an administrator to defend a pending suit, but n ver filed such suit as a claim in the Probate Court as required by Gen. Laws, 1909, cap. 314, § 3, and did not amend the declaration or in any way put anything upon the records to indicate that he had a right to prosecute same against the administrator. Defendant administrator moved to dismiss for lack of jurisdiction, on the ground that the claim had never been filed and there was nothing on which plaintiff could maintain the action as against her.

*Held*, that the motion was properly granted.

*(2) Action Against Administrator. Filing Claim in Probate Court.*

In a case against an administrator, it is essential to allege and prove that the claim was filed in the Probate Court and disallowed.

*(3) Oral Agreements of Counsel.*

Oral agreements of counsel as to what points shall or shall not be raised in a case, are invalid under rule 28 of the Superior Court.

*(4) Attorney and Client. Waiving Filing of Claim.*

The retainer of an attorney in a suit brought against an administrator confers no implied authority to waive the proper prosecution of the claim according to law.

*(5)   Executor and Administrator.   Waiving Filing of Pending Suit.*

There is no statutory provision which authorizes the administrator to waive the filing of a claim, on which suit has been brought, as provided by statute Gen. Laws, cap. 314, § 3.

DEBT ON JUDGMENT.   Heard on exceptions of plaintiff, and overruled.

PARKHURST, J.   In this case there was a motion to dismiss, which was granted by Presiding Justice Tanner in the Superior Court, and the plaintiff brings the case here upon bill of exceptions, the only exception being to the granting by the court of the motion to dismiss.

The circumstances of the case are as follows:

The writ was dated August 30, 1900.   The case was entered September 20, 1900.   Various demurrers and pleas were filed, several amendments to the declaration were allowed, amended declarations were filed, demurrers and pleas withdrawn, etc., but the pleadings have never been closed. The suit was an action of debt on a judgment obtained against the Woonsocket Opera House Company, and was brought against the defendant as a stockholder in that corporation, in the endeavor to enforce an alleged stockholder's liability under the statutes then in force, relating to such liability.

The defendant, Francis L. O'Reilly, died August 5, 1905, and Irene K. O'Reilly was appointed his administratrix, and the first publication of her notice of appointment was September 14, 1905.   The plaintiff never ·filed this pending suit as a claim in the Probate Court, as required by the statute.   (Gen. Laws, 1909, Chap. 314, § 3.)   (C. P. A., § 883.) The plaintiff summoned in the administratrix, but never amended the declaration in any way, and never put anything upon the records of the Superior Court indicating that he had a right to prosecute the case against the administratrix, either by amending the declaration or in any other manner.

On March 27, 1908, a motion to dismiss was filed on behalf of the administratrix, alleging that she was not sub-

ject to the jurisdiction of the court, because the claim had never been filed, and that there was nothing upon which the plaintiff could maintain this suit as against her. The motion was heard and granted by Presiding Justice Tanner on January 13, 1912.

(2)    The action was rightly dismissed upon the motion, as above set forth. The plaintiff summoned in the administratrix, and should have then made such amendments as would show that he had a cause of action against the administratrix. One of the things the plaintiff must allege and prove in a case against the administratrix is that a claim was filed in the office of the probate clerk and disallowed. The motion to dismiss showed to the court that the plaintiff could not truthfully make the necessary amendments. The court, in summoning in the administratrix, had no opportunity to know the facts. The first and only opportunity that the administratrix in this case, had to object to being made a party was by motion after service of process. This motion set forth the objections which the administratrix had to being made a party. As there was no ground to make the administratrix a party, the administratrix was properly discharged upon motion. It was not only the right but the duty of the judge to act upon this matter upon motion, and so save the state and the parties the great expense of litigating the intricate questions of law arising upon the pleadings in the case, since failure to prove the proper filing of the claim and its disallowance, under the statute above cited must have led to the dismissal of the action upon the motion for a nonsuit, even if the case had been allowed to come to trial.

It was admitted by the plaintiff that the claim had not been filed, and the only excuse is contained in two affidavits in which it is claimed that Mr. Heffernan, the attorney for the administratrix, told the attorneys for the plaintiff that he would not raise the point that the claim had not been filed. Mr. Heffernan denies that these affidavits are true. The judge acted upon the motion in favor of the ad-

ministratrix. But the affidavits are entirely immaterial. All that they suggest in any way is that there was an oral agreement between counsel as to what point should or should not be raised in a case then pending in the Superior Court. Such oral agreements are invalid under rule 28 of the Superior Court, as follows: "All agreements of parties or attorneys touching the business of the court shall be in writing, unless orally made or assented to by them in the presence of the court when disposing of such business, or they will be considered of no validity."

It cannot be said that these affidavits show a waiver by the administratrix of the filing of the claim in the Probate Court. The affidavits do not show that Mr. Heffernan possessed any authority more than what is implied by his retainer as attorney in this case. The retainer of an attorney in a law suit brought against an adminstratrix does not give him any implied authority to waive the proper prosecution of the claim, according to law. The statute contains no provision which authorizes the administratrix to waive the filing of the claim as provided by the statute above cited. (See *Thompson* v. *Hoxsie*, 25 R. I. 377, 381.)

For these reasons this court is of the opinion that the suit was properly dismissed upon the motion by the Presiding Justice of the Superior Court, and the plaintiff's exception is therefore overruled. The case is remitted to the Superior Court, with direction to enter its judgment of dismissal upon the decision.

*Bassett and Raymond* for plaintiff.

*R. W. Richmond*, of counsel.

*John J. Heffernan, James H. Rickard, Jr.*, for defendant.

Henry M. Fox vs. Artesian Well & Supply Company.

MAY 11, 1912.

Present: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

*(1)  Error and Appeal.  Review.  Exceptions.  Removing Default.  Judgments.*

Art. XII of Amendments to Cons. R. I., Section 1, provides that "The supreme court shall have final revisory and appellate jurisdiction upon all questions of law and equity."

Gen. Laws, 1909, cap. 272, § 2, provides "The supreme court shall have general supervision of all courts of inferior jurisdiction to correct and prevent errors and abuses therein when no other remedy is expressly provided."

*Held*, that the court had jurisdiction to entertain a bill of exceptions based on an alleged abuse of judicial discretion in vacating a *nil dicit* judgment in the Superior Court.

Trespass on the Case for negligence.  Heard on motion of defendant to dismiss plaintiff's bill of exceptions, and denied.

*Joseph C. Cawley, Frederick J. Berth,* for plaintiff.

*Tillinghast and Lynch,* for defendant.