JOHN C. GRAY & another, executors, *vs.* INHABITANTS OF LENOX.

Berkshire. September 9, 1913. — October 22, 1913.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DE COURCY, JJ.

*Executor and Administrator. Tax,* Assessment.

An ancillary administrator, appointed in another State to administer the estate in that State of a testator whose domicil at the time of his death was in this Commonwealth and whose will was proved here, is in no sense the agent of the executor of the will in this Commonwealth, and within the jurisdiction of his appointment his authority is independent and exclusive.

Notes secured by mortgages of land in another State, which on the first day of April of a certain year are in the possession of an ancillary administrator appointed in such other State to administer the estate in that State of a testator, whose domicil was in this Commonwealth and whose will was proved here, lawfully cannot be assessed for taxation to the executor of the will in this Commonwealth.

The provision of St. 1909, c. 490, Part I, § 23, cl. 7, that personal property of a deceased person shall be assessed to the executor or administrator for three years or until it has been distributed and notice of such distribution has been given to the assessors, has no application to property which is not within the ownership, possession or control of the executor.

PETITION under St. 1909, c. 490, Part I, § 77, filed in the Superior Court on May 6, 1912, by the executors of the will of Grace M. Kuhn, late of Lenox, who died on October 7, 1908, appealing from the refusal of the assessors of the respondent to abate a tax upon certain personal property assessed to the petitioners for the year 1910 on March 15, 1912, and which they had not paid, the said property on April 1, 1910, having been in the possession of Francis W. Rawle, the ancillary administrator of the estate of

the testatrix in the State of Pennsylvania appointed by a court of that State.

The case was submitted to *Irwin, J.,* upon the pleadings and an agreed statement of facts. The judge ordered that the assessment made by the assessors of the respondent on March 15, 1912, and the interest and other charges thereon be abated, and at the request of the parties reported the case for determination by this court.

The case was submitted on briefs.

*C. E. Hibbard, C. L. Hibbard & Roland Gray,* for the petitioners.
*G. A. Mole & F. R. Shaw,* for the respondent.

DE COURCY, J. The sole question involved in this case is whether the petitioners, as executors of the will of Grace M. Kuhn, late of Lenox, were taxable in 1910 on certain notes made by residents of Pennsylvania and secured by mortgages of land in Philadelphia. At the death of Mrs. Kuhn in October, 1908, these notes were owned by her, and were in Pennsylvania in the possession of W. B. Rawle, her agent. On June 15, 1909, Francis W. Rawle, a resident of Pennsylvania, was appointed ancillary administrator in that State of the estate of Mrs. Kuhn; and on or about that date the notes and mortgages were turned over to him by W. B. Rawle. All payments on the notes were made to the ancillary administrator from that time until his final account was allowed and an order of distribution was made by the Orphans' Court for Philadelphia on November 10, 1910.

The respondent contends that the notes in question were taxable here to the petitioners as personal property of inhabitants of the Commonwealth. St. 1909, c. 490, Part I, § 2. It is clear from the agreed facts, however, that the Massachusetts executors had no legal or equitable title to the property on April 1, 1910, the date fixed for the assessment of taxes. St. 1909, c. 440, §§ 1, 9. At that time the notes were in the possession of the ancillary administrator in Pennsylvania; and as he was duly appointed under the authority and jurisdiction of the State where the property was found, and the notes came to his hands by virtue of such appointment, he acquired the full and exclusive title to them, under the long established rule of the common law. *Stevens* v. *Gaylord,* 11 Mass. 256. *Putnam* v. *Middleborough,* 209 Mass. 456. He was in no sense the agent of the executors here. His authority was inde-

pendent and exclusive within the jurisdiction of his appointment. *Low* v. *Bartlett,* 8 Allen, 259. *Merrill* v. *New England Mutual Life Ins. Co.* 103 Mass. 245, 249. The petitioners had no right to demand from him the notes, or even the balance of the proceeds thereof after the payment of local creditors. It rested in the discretion of the Orphans' Court to order him either to transmit such balance to the executors or to distribute it directly to legatees. *Norton* v. *Palmer,* 7 Cush. 523. *Welch* v. *Adams,* 152 Mass. 74. *Putnam* v. *Middleborough,* 209 Mass. 456. It appears by the following extracts from the agreed facts that such also was the law in Pennsylvania: "No executor or administrator not appointed as such by a court of Pennsylvania could legally discharge, release or assign any mortgage of lands in Pennsylvania, the mortgage title to which was in his testator at his testator's death, nor sue in Pennsylvania on any notes or debts owned by said testator at his death; and if there was an executor or administrator appointed by Court of Pennsylvania no other executor could lawfully demand or receive payment of principal or interest from any debtor, resident in Pennsylvania, of the estate of such decedent, or give a valid release or discharge to such debtor, or lawfully intermeddle with any property of such estate within the jurisdiction of the State of Pennsylvania." "Every administrator must give bond with sureties to perform his duties as administrator; and an administrator there appointed cannot be compelled to distribute or pay over the funds of the estate collected by him within less than one year from the date of his appointment; nor can he do so except at the risk of himself and of the sureties on his probate bond." "An ancillary administrator, after the expiration of one year as aforesaid, is not obliged to remit the net funds of the estate to the domiciliary executor or administrator; but it rests in the discretion of the court by which he was appointed either to order him to transmit such funds to the domiciliary executor or to order him to distribute them directly to the legatees or next of kin."

The respondent contends however that if the notes were not assessable to the petitioners as owners the tax was valid under clause 7 of St. 1909, c. 490, Part I, § 23, which provides that personal property of deceased persons shall be assessed to the executor or administrator for three years or until it has been distributed

and notice of such distribution has been given to the assessors. See *Sears* v. *Nahant, ante,* 329. In our opinion the facts do not bring the case at bar within the letter or spirit of that statute. Its language and history indicate that the purpose of the Legislature in allowing the assessors to tax an executor on property that has been distributed by him, if he has failed to give notice of such distribution, is to secure a full disclosure of the facts. See *Vaughan* v. *Street Commissioners,* 154 Mass. 143. Here the petitioners never had the ownership or possession of the notes, nor control of their distribution; in fact had no official means of knowing their value on April first, or when or to whom they would be distributed by the ancillary administrator who had exclusive charge of them. It is not necessary to consider what title, if any, the executors had before the appointment of the ancillary administrator, or whether the notes were properly included in their inventory and in the list of property of the estate taxable to them in 1909. Any and all right they may have had in the notes was extinguished on the appointment of such administrator, not by any distribution, but by operation of law without the consent or co-operation of the petitioners. There is no suggestion of collusion. Notice to the assessors of the appointment of the ancillary administrator was given by the executors when they duly filed their sworn list of the property of the estate in their hands on April 1, 1910. The petitioners even requested the ancillary administrator to pay the funds to them as soon as he could collect them, but he declined to part with the funds until he had settled his account in the Pennsylvania court, especially for the reason that the surety on his bond refused to allow him to pay over sooner.

On the facts agreed upon we are of opinion that the petitioners were not taxable on the notes in question for the year 1910, and that the tax assessed by the town of Lenox and the interest and other charges thereon should be abated; and it is

<div align="right">

*Ordered accordingly.*