JOHN CONLEY *et al. vs.* WILLIAM C. HUNTOON *et al.*

JANUARY 27, 1915.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)  Foreign Executors and Administrators.*

As a general rule in the absence of a permissive statute, the authority of an executor or administrator to sue as the personal representative of a decedent or the liability of such personal representative to be sued in that capacity, is restricted to actions brought by or against him in the courts of the state wherein administration was granted to him and an action commenced in favor of or against a person in his lifetime cannot be prosecuted or defended after his death by his personal representative appointed in a state other than that of the forum.

*(2)  Executors and Administrators.    Foreign Executors and Administrators.
    Equity.*

A bill in equity against three officers and a stockholder of a corporation, alleged that complainants having recovered judgment against the corporation had brought an action at law against the stockholder to recover the amount of the judgment.   The bill alleged that the officers had possession of the books and papers of the corporation, but did not allege that the stockholder had any of such books or papers in his possession.   An injunction was asked to restrain the respondents from removing the books and papers from the jurisdiction of the court.   One of the respondent officers demurred, and the court by decree sustained the demurrer and dismissed the bill as to him.   Complainants appealed.   The respondent stockholder, deceased, a resident of a foreign state, where administration was granted upon his estate and upon motion of complainants that his executors be notified to take upon themselves the defence of the cause:

*Held,* that the provisions of Gen. Laws, 1909, cap. 318, §§ 5 and 6, relative to the prosecution or defence of actions commenced in the life time of a decedent, by his executor or administrator, did not apply to executors or administrators appointed in other jurisdictions.

*Held,* further, that the cause of action against the respondent stockholder was of such a personal character that it did not survive against his executors.

*Held,* further, that the executors were not necessary parties  to the appeal since the decree did not affect the estate of decedent.

*Held,* further, that if such representatives had been necessary parties the death of respondent should have been suggested in the Superior Court and the attempt made to bring in the proper parties to represent the estate previous to the hearing on the demurrer and entry of the decree, each of which were subsequent to his death.

BILL IN EQUITY on facts set forth in opinion.   Heard on motion of complainants that personal representatives of a respondent be notified to take upon themselves the defence of the cause.   Denied.

SWEETLAND, J.   The above entitled bill in equity was brought against William C. Huntoon, Harrison B. Huntoon and John S. Murdock, of the city of Providence, in this state, and Edwin Milner, of the town of Moosup, in the State of Connecticut.   The amended bill alleges that the complainants recovered judgment against the Babcock Oil Company, a corporation, which judgment remains unsatisfied; that the complainants have brought an action at law against said Edwin Milner as a stockholder of said Babcock Oil Company to recover from said Milner the amount due upon said judgment; and that the first three respondents named above have possession of the books and papers of said company, as officers of said Babcock Oil Company.   It is not alleged that the respondent, Milner, has possession of any of said books and papers.   The sole prayer of the bill is that the respondents be enjoined from removing the books and papers of said corporation from and out of the jurisdiction of the Superior Court.   The respondent, Harrison B. Huntoon, demurred to the amended bill.   The Superior Court by its decree entered February 24, 1914, sustained said demurrer and dismissed said bill as to the respondent, Harrison B. Huntoon.   The complainants have appealed to this court from said decree. In this court *amicus curiae* has suggested the death of said Edwin Milner, at Plainfield, in the State of Connecticut, on February 19th, 1914, five days before the entry of said decree appealed from, and has further represented to this court that said Edwin Milner at the time of his death was a resident of the State of Connecticut; and that he left a will which has been probated in the probate court of said town of Plainfield.

The cause is now before us upon the complainants' motion that Horatio A. Hunt, Harry R. Milner and Frank

W. Tillinghast, executors of the will of Edwin Milner, deceased, appointed by said probate court of Plainfield, be notified by this court to appear and take upon themselves the defence of this cause.

The question argued before us at the hearing on said motion was as to the right of a foreign executor or administrator to defend an action in this state in his representative capacity, and as to the power of the courts of this state to compel a foreign executor or administrator to take upon himself the defence of a suit commenced in this state against his testator or intestate in the lifetime of such testator or intestate.

(1) The general rule is, that, in the absence of a permissive statute, the authority of an executor or administrator to sue as the personal representative of a decedent, or the liability of such personal representative to be sued in that capacity is restricted to actions brought, respectively, by or against him in the courts of the state wherein administration was granted to him. Further the general rule is that an action commenced in favor of or against a person in his lifetime cannot be prosecuted or defended after his death by his personal representative appointed in a state other than that of the forum. *Vaughn* v. *Northup*, 40 U. S. 1; *Judy* v. *Kelley*, 11 Ill. 211; *Jefferson* v. *Beall*, 117 Ala. 436; *Burton* v. *Williams*, 63 Neb. 431.

As a warrant for their motion the complainants urge the provisions of Sections 5 and 6, Chapter 318, Gen. Laws, 1909. These sections are as follows: "Sec. 5. In case any action, suit, or proceeding is commenced or shall be pending in any court, and either party shall die before final judgment, the executor or administrator of such deceased person, or his successor in case the deceased was acting in a representative capacity, may, if the cause of action survives, prosecute or defend such action, suit, or proceeding to final judgment. Sec. 6. If an executor, administrator or guardian shall neglect to appear and take upon himself the prosecution or defence of an action, suit, or proceeding as afore-

said, being duly notified thereof by order of the court where the same shall be pending, or if, having appeared and become a party thereto, judgment shall pass against such executor, administrator, or guardian, the court, subject to the provisions of section thirty-seven, chapter three hundred fourteen, may enter judgment against the estate in the hands of the executor, administrator, or guardian, and the like process shall be had thereon as if the action, suit, or proceeding had been originally commenced against him in his said capacity." The contention of the complainants is that the provisions of these sections of the statute apply to foreign executors and administrators as well as to those appointed within this state. We do not consider that to be the proper construction of these sections. The provisions of the rest of Chapter 318 clearly relate to executors and administrators appointed by probate courts in this state. In the sections in question there is no express language extending their provisions to foreign executors or administrators and we are of the opinion that if it had been the intention in these sections to vary the well recognized rules, which we have stated above, the legislature would have done so directly and explicitly and would not have left such intention to be inferred from a doubtful construction of the (2) general language employed. Furthermore, Sec. 29, Chap. 312, Gen. Laws, 1909, has explicitly prescribed the procedure under which a foreign executor or administrator may obtain authority to demand, sue for and recover, in his representative capacity, personal property belonging to or debts due to his testator or intestate in this state, such procedure being surrounded by safeguards intended to protect the rights of creditors in this state. The authority, under the statute, to take possession of assets in this state and remove them to another jurisdiction is granted to a foreign executor or administrator as a matter of comity extended to the tribunals and officers of another state. Our statute, however, has not explicitly given authority or prescribed the procedure for suits against a foreign executor or

administrator and has not explicitly provided that suits commenced in this state against a non-resident in his lifetime and pending at his death may be revived against his personal representative appointed in another state. Such proceedings, if the same had been prescribed, would in most instances amount to an attempt to control the application of assets out of the jurisdiction of the courts of this state and would be an unfriendly interference with the settlement of estates in other jurisdictions.

This court in *Connor* v. *N. Y., N. H. & H. R. R. Co.*, 28 R. I. 560, at 563, although considering a question relating to executors and administrators different from the one now before us, uses the following general language: "We are constrained to hold that a statute when it names an official must be construed to refer to one appointed by the same sovereignty which enacts and enforces the statute unless such construction manifestly violates the context." The complainants present as an authority for their contention the case of *Vaughn* v. *Sturtevant*, 7 R. I. 372. In the statement of that case it appears that the defendant Sturtevant was a resident of Massachusetts; that he died while the suit was pending; and that his administrator appeared and was permitted to take upon himself the defence of said suit under a statutory provision identical with that contained in Sec. 5, Chap. 318, Gen. Laws, 1909. The question then before the court was different from that before us; but the complainants argue that the action of the court in permitting the defendant's administrator to take upon himself the defence of the suit was a recognition of the power and the duty of a foreign executor or administrator to defend a pending suit commenced in this state against his decedent in the decedent's lifetime. The reported case is silent as to the place of the appointment of the administrator of Sturtevant; the complainants infer from the other facts stated in the reported case that said administrator was appointed in the Commonwealth of Massachusetts. It appears, however, by reference to the papers in the case on file in the clerk's

office of this court, in the statement of facts agreed to by the plaintiff and the administrator, that the defendant died while the action against him was pending and that "On the 29th day of November, 1862, letters of administration on the deft's estate in R. I. were issued by the court of probate of Cranston to Daniel W. Vaughn of Providence, R. I., and on the 26th day of December following he appeared and took upon himself the defence of this suit." *Vaughn* v. *Sturtevant* therefore fails to support the complainants as an authority.

From these considerations we are of the opinion that the provisions of Chapter 318, §§ 5 and 6 do not apply to executors and administrators appointed in other jurisdictions.

Whatever we might have held as to the construction of these sections in regard to the point we have been considering, said sections would not apply to the matter before us as the cause of action against said Milner in the suit at bar does not survive. The prayer of the bill is that the respondents may be enjoined from removing the books and papers of said corporation out of the jurisdiction of the Superior Court. If said Milner, in his lifetime, had been in possession of any such books or papers, which fact is not averred in the bill, the same would not pass to the custody of his executors in their representative character. The act which the complainants seek to enjoin is of such a personal character that it does not survive against the executors of the will of said Milner.

Furthermore, whatever view we might have taken as to the matters already considered herein, we would not grant the complainants' motion, as the executors of said Milner are not necessary parties to the appeal before us. The appeal is from the decree of the Superior Court sustaining the demurrer of the respondent, Harrison B. Huntoon, and dismissing the bill as to him. Said decree does not affect the estate of said Milner; and said appeal can proceed in this court without requiring the appearance of his executors. If the representatives of the estate of said Milner are necessary parties to the proceedings involved in this appeal, the

death of said Milner should have been suggested in the Superior Court and the attempt made to bring in the proper parties to represent his estate previous to the hearing on said demurrer and the entry of said decree in the Superior Court each of which appears from the record to have been subsequent to his death.

The complainants' motion is denied.

*J. Jerome Hahn, James B. Littlefield,* for complainants.

*Michael J. Lynch,* Amicus Curiae, for respondents.