MARY KELLEY *vs*. JOHN F. HARLOW, JR., EX.

JOHN J. KELLY *vs*. SAME.

DECEMBER 19, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney and Murdock, JJ.

RATHBUN, J. These are two actions of trespass on the case for negligence to recover for personal injuries. The cases were tried together in the Superior Court and each plaintiff obtained a verdict for $175. Each case is before us on the defendant's exception to the refusal of the trial justice to direct a verdict for the defendant.

The injuries complained of were received by the plaintiffs while riding as guests of Mary E. Evans in her automobile. At the time of the accident the automobile, while being operated by said Evans, collided with a tree and she received injuries from which she died within a few days. The plaintiffs are seeking in these actions against her executor to recover for injuries alleged to have been caused by her negligent operation of the automobile.

The accident occurred December 6, 1928. Defendant was appointed executor December 27, 1928, and these suits were commenced April 8, 1929. Before commencing suit neither plaintiff filed a statement of claim against Evans' estate.

The motion to direct a verdict in each case in favor of the defendant was based upon the fact that it did not appear that a statement of the claim had been filed by the plaintiff in the office of the clerk of the probate court and disallowed by the executor.

By Section 3, Chap. 365, G. L. 1923, persons having claims against the estate of a deceased person are required to file a statement of their claims in the office of the clerk of the probate court. After the statement of claim is filed the executor or administrator may within a certain time—depending upon the period within which the statement is filed—disallow the claim. The right to bring suit is given by Section 11 of said chapter, which section provides as follows: "Suit may be brought on a disallowed claim within six months after notice is given to the claimant that the same is disallowed, unless the estate has theretofore been represented as insolvent or request that said claim be proved before commissioners has been duly filed; and, unless otherwise authorized, suit on such claim shall not be brought thereafter against the executor or administrator." This court, in *Andrews* v. *O'Reilly*, 34 R. I. 256, 257, said: "One of the things the plaintiff must allege and prove in a case against the administratrix is that a claim was filed in the office of the probate clerk and disallowed."

Two months and sixteen days after these actions were brought the plaintiffs filed with the clerk of the probate court having jurisdiction of the estate of said Evans a written notice that the suits had been commenced. The plaintiffs do not contend that said notice was a statement of claim, and there is no suggestion that a claim was filed and disallowed before the actions were commenced. There being no proof that the claims were filed and disallowed, the trial justice should have granted the defendant's motion in each case for a direction of verdict in his favor. See *Municipal Court* v. *Whaley*, 26 R. I. 25; *Randall* v. *Brayton*, 26 R. I. 233; *Hicks* v, *Wilbur*, 38 R. I. 268; *Gilbert* v. *Hayward*, 37 R. I. 303; *Slocom* v. *Wilbour*, 23 R. I. 97; *Municipal Court* v. *Bostwick*, 31 R. I. 550; *Lewis Historical Pub. Co.* v. *Greene*, 40 R. I. 309; *Anderson* v. *Williams*, 26 R. I. 64.

The defendant's exception in each case is sustained and the plaintiff in each case may appear on December 29, 1930, at ten o'clock, a. m., and show cause, if any there be, why the case should not be remitted to the Superior Court with direction to enter judgment for the defendant.

*James H. Kiernan*, for plaintiff.
*Harlow & Boudreau*, for defendant.