ARTHUR W. McLEOD *vs.* SAMUEL T. FIELDER, *Ex'r.*

APRIL 30, 1952.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This in an appeal from a decree entered by the probate court of the city of Providence. In the superior court the trial justice directed the jury to return a verdict sustaining such decree and the appellant duly prosecuted his bill of exceptions to this court.

The pertinent facts appearing in evidence are as follows. Sarah J. Fielder of Providence died February 25, 1949 at the age of seventy-six leaving a will which she executed April 28, 1932. By that will, after providing that the executor should pay her debts, including the expenses of her funeral and also the cost of administering her estate, she bequeathed the sum of $100 to Arthur W. McLeod, her son by an earlier marriage, hereinafter referred to as the appellant. She then devised the residue of her estate to her husband Samuel T. Fielder, hereinafter termed the appellee, for and during his natural life with remainder over upon his decease to her son, the appellant. Her husband, the appellee, was named executor of the will.

The probate court of the city of Providence admitted the will to probate April 5, 1949 and on that date letters testamentary were issued to the appellee. An inventory of the estate under oath was filed April 25, 1949 stating that there was "No personal Estate." Thereafter on February 21, 1950 the appellee as executor filed in that court a petition to be allowed to place a mortgage upon a parcel of land with a house thereon, being part of testatrix' estate, in order to pay the expenses of her funeral and of administering the estate. That petition was duly advertised and came up for disposition in the probate court March 22, 1950. After a hearing the judge of that court entered a decree authorizing the appellee to mortgage the above-described property in the amount of $1,000 for the purposes specified in the petition. From the entry of that decree the appellant

appealed to the superior court and thereafter prosecuted the bill of exceptions now before us.

The bill of exceptions contains several exceptions but only the sixth, tenth and eleventh are now pressed. The others not being briefed or argued are deemed to be waived. The tenth exception is to the refusal of the trial justice to direct a verdict in favor of the appellant and the eleventh is to the granting of appellee's motion that a verdict be directed in his favor. These exceptions may be treated together.

The appellant argues that his exceptions should be sustained as a matter of law, because no claims of any kind were filed in the probate court against the .estate of the testatrix and thus there was no ground for granting appellee's petition for authority to mortgage the real estate, passing under the residuary clause of her will, in order to obtain money to pay the expenses of her funeral and of administering her estate. The appellant calls our attention to general laws 1938, chapter 578, §3, as amended by public laws 1941, chap. 1003, which provides in substance that in the absence of certain special circumstances claims against an estate not filed within six months from the first publication of the notice of the qualification of an executor are barred. See also *Kelley* v. *Harlow*, 51 R. I. 137.

We are of the opinion that such argument is without merit. Whatever may be the exact status of the bill for testatrix' funeral expenses in relation to the necessity of filing against her estate, it seems clear that in any event funds must be provided in the present circumstances to pay the ordinary legitimate expenses of administering her estate, such as probate fees for filing and advertising and fees of the appellee as administrator and of his attorney. It has been held that there is a basic distinction between debts of a decedent and expenses of the administration of his estate and that the latter do not stand on the same ground as his debts in respect to such estate. *Evans* v.

*Trustees of University of Pennsylvania,* 60 R. I. 171; *Dolan v. Anthony,* 51 R. I. 181. Often the amount of the expenses of administration are not determined until the estate is about ready for distribution, which may be after six months from the first advertisement of the notice of appointment. It is not necessary for their payment that they be filed as a claim or debt against it. In our judgment the appellant's further argument that he will have no opportunity to question such funeral or administration expenses is not tenable. The appellee can be required to account for his expenditure of the money received from the mortgage in question, and the appellant will have an opportunity to examine him regarding the application of such money when his account as executor comes up for allowance in the probate court.

In support of his position the appellant also attempted to show that there was money available for the payment of the funeral expenses from the proceeds of three small insurance policies on the life of the testatrix totaling about $600, payable to the appellee and in his possession. The testimony as to these policies was to some extent conflicting, but the appellant in substance contends that the appellee by his alleged statements and conduct indicated that the policies were intended to be used for the above purpose. They were not read into the record or introduced in evidence as exhibits and therefore it does not appear whether they were payable to the named beneficiary generally or only on a particular condition or for a specific purpose. However, if we assume that they were intended by the testatrix to be used to pay her funeral expenses, which amounted to $378.56, no complete or conclusive answer is thereby made to the action of the probate court in allowing the appellee to mortgage the real estate. The appellant does not show how the administration expenses were to be paid except by funds received in such a manner.

Finally in passing upon the respective motions for a directed verdict the trial justice had before him the probate

record showing that the inventory filed by the appellee as executor stated that the testatrix had left "No personal Estate." That inventory has not been directly questioned by the appellant or anyone else. No attempt has been made to have it withdrawn or amended as incorrect. In the circumstances it stands as the record of the probate court. There is nothing to show why the trial justice and this court should not recognize it, at least for the purposes of this litigation. Such inventory, in the absence of contradictory evidence, furnished a sufficient basis for the granting by the probate court of appellee's petition to be allowed to mortgage the testatrix' real estate for the purposes indicated, and also furnished ample ground for the granting by the trial justice of appellee's motion that the verdict be directed in his favor.

The fact that when testifying before the superior court the appellee, then seventy-eight years of age and obviously confused, testified that he did not wish to mortgage the real estate is in itself of no aid to the appellant. The appellee personally signed the petition filed in the probate court to be allowed to execute such a mortgage. He was authorized, but was not directed to do so, by the decree and he has made no attempt to have that decree revoked. It is still in effect. He is not obliged to mortgage the real estate if he does not desire to do so. He may use other means to pay the expenses of the testatrix' funeral and of administering her estate. But his above testimony does not affect the legality of the decree entered by the probate court and in the present circumstances furnishes no reason for not sustaining the ruling of the trial justice in respect to the motions for a directed verdict. The appellant's tenth and eleventh exceptions are overruled. Such decision, however, is without prejudice to appellant's right, if any he has, to otherwise press his alleged equitable claim in respect to the application of the proceeds of the insurance policies hereinbefore mentioned.

The appellant's sixth exception is to the refusal of the

trial justice to permit the appellee to testify in cross-examination regarding an alleged statement to him by a third person concerning a conversation which she allegedly heard between the appellee and the undertaker, when arrangements for the testatrix' funeral were being made, relating to what the appellee had said to the undertaker about the proceeds of the insurance policies. In our opinion such testimony clearly was hearsay and therefore was properly excluded. This exception is overruled.

All of the appellant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment for the appellee on the verdict as directed.

*Arthur L. Conaty,* for appellant.

*Thomas J. Flynn, Robert T. Flynn,* for appellee.