William DERRICK et al.

v.

NEW ENGLAND GREYHOUND LINES, Inc., et al.

Civ. A. Nos. 55–716 to 55–718–A.

United States District Court
D. Massachusetts.

Jan. 17, 1957.

Frank P. Hurley, Boston, Mass., for plaintiff.

Barrett Elkins, Boston, Mass., for defendant New England Greyhound Lines, Inc.

Paul R. Frederick, Boston, Mass., for defendant Brown, Jr., Adm'r.

ALDRICH, District Judge.

The plaintiff is in technical difficulties. On August 7, 1954 he was injured on a public highway in Massachusetts by an automobile owned and operated by one Lewis, a resident of Connecticut. By virtue of Mass.Gen.Laws (Ter.Ed.) Ch. 90, § 3A, plaintiff could sue Lewis in Massachusetts and obtain personal service by serving the Registrar of Motor Vehicles. Before he had instituted such a suit Lewis died, and the defendant Brown was appointed his administrator in the state of Connecticut.[1] Plaintiff then brought suit in this court against Brown and another, serving the Registrar as Brown's agent. No ancillary administration was taken out in Massachusetts.[1] Brown moves to dismiss.

■■ The motion must be allowed. Nothing is better settled than the principle that an executor or administrator is the creature of the state that appoints him, and is without authority to represent the estate elsewhere. Norton v. Palmer, 7 Cush., Mass., 523; Gray v. Lenox, 215 Mass. 598, 102 N.E. 1097; Restatement, Conflict of Laws, § 512. This is not a case where the administrator is sued for an act of his own, as, for instance, where he is carrying on a business and the cause of action arises out of his own operation. Crowe v. Di Manno, 1 Cir., 225 F.2d 652. Here defendant did nothing, and he is liable, if at all, only in his representative capacity. This he does not possess in Massachusetts.

There is nothing in G.L. Ch. 90, § 3A which changes this. That section is to permit valid service of process on non-residents, and does not purport, even if it could, to create substantive liability, or to confer extra capacity upon a foreign administrator. It does no more than provide that the administrator is in effect within the reach of the process server, as if he were physically present in the state. "* * * shall be of the same legal force and validity as if served on him personally." Cf. Smith v. Pasqualetto, D.C.D.Mass., 146 F.Supp. 680. Plaintiff's problem is not one of physical jurisdiction over the person of the administrator. The difficulty is that even if he were present and served he represents the estate only to the extent of his Connecticut appointment, i. e., not at all, as it has no extraterritorial effect. Chapter 90 is not a substitute for ancillary administration. It may be that if such an administrator had been appointed here the Registrar would have become his agent for service, but that is not this case.

Defendant Brown's motion to dismiss must be allowed.

---

1. The complaint is not clear on this, but the parties have so stipulated.