Lucille FITCH
v.
Harvey S. FIRESTONE, Jr., et al.
Civ. A. No. 2412.

United States District Court
D. Rhode Island.
June 3, 1960.

See also 173 F.Supp. 131.

Kirshenbaum & Kirshenbaum, Providence, R. I., for plaintiff, Isadore Kirshenbaum, Alfred Factor, Providence, R. I., of counsel.

Cornelius C. Moore, Newport, R. I., for defendants., Francis J. Boyle, Paul F. Murray, Newport, R. I., of counsel.

DAY, District Judge.

This is an action originally brought by Lucille Fitch, a citizen of the State of New York, individually and in her capacity as executrix of the estate of Benjamin F. Fitch, deceased, late of New York,

against five named defendants. The action has heretofore been dismissed, for reasons which are now academic, as to all defendants except Florence K. Murray, a citizen of the State of Rhode Island, who is being sued in her capacity as executrix of the estate of Herbert E. Macauley, deceased. Jurisdiction is based upon diversity of citizenship and the existence of a controversy in the statutory amount. 28 U.S.C.A. § 1332(a), as amended.

The plaintiff's fourth amended complaint is now before the Court. She therein alleges in substance that she was appointed as executrix of the estate of the said Benjamin F. Fitch in the State of New York; that she has received ancillary letters as foreign executrix in the State of Rhode Island; that she and her late husband, Benjamin F. Fitch, were the owners of three certain parcels of land situated in Newport, Rhode Island; that prior to the latter's death, an execution issued out of the Superior Court for the State of Rhode Island on a judgment entered against the plaintiff and her said husband in favor of O. Ahlborg & Sons, Inc.; that the late Herbert E. Macauley, acting in his official capacity as the then Sheriff of Newport County, levied said execution upon said parcels of land; that he thereafter offered the same for sale at public auction; that at said auction he knocked down and sold all the right, title and interest of the plaintiff and her said husband in and to the "Third Parcel", so-called, to one Carey, who was the highest bidder therefor, and who then and there made a down payment to the said Macauley; that subsequently, the said Carey refused to complete said purchase, whereupon the said Macauley returned said down payment to him; that the said Macauley was by law required either to bring suit against the said Carey for the amount bid by the latter at the said auction or to offer the said Third Parcel again for sale under the outstanding execution and levy thereon, holding the

said Carey liable for the diminution in the selling price, if any; that the said Macauley wrongfully failed to do that which was required of him as aforesaid; that subsequently, the holder of the mortgage on the said Third Parcel foreclosed its mortgage thereon and sold the same pursuant to the power of sale contained therein; and that as a result of the action of the said Macauley in refunding said down payment and of his misfeasance and nonfeasance in the premises, the plaintiff and the estate which she represents have been injured and damnified. The plaintiff seeks judgment in the sum of $40,000, plus interest thereon and costs.

The defendant has duly filed her answer to said amended complaint, and now moves pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., for a summary judgment in her favor. The defendant's motion is supported by numerous affidavits and documentary exhibits, all of which form a part of the record which is now before me. Both parties have filed briefs at my request.

Although there are several substantial grounds urged in support of the defendant's motion, I deem it necessary to consider only the last of the grounds enumerated in said motion, to-wit, that the instant action is barred by reason of the plaintiff's failure to have obtained ancillary letters in Rhode Island prior to the filing of her statement of claim against the estate of the said Herbert E. Macauley.

 Since this is a case wherein federal jurisdiction rests on diversity of citizenship, the substantive law of Rhode Island applies under the familiar rule of Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. In applying that law, it is important to outline the pertinent portions of the statutory scheme which the legislature has provided for the handling of claims against estates.[1] The statutes require that all per-

---

1. The plaintiff nowhere contends that her claim falls within any of the limited exceptions to the general statutory frame-

work; and it is evident to the Court that none of those exceptions has any application here. A plaintiff who seeks the ben-

sons having claims against the estate of a deceased person shall file statements of their claims in the appropriate probate court, forwarding copies thereof to the executor by registered mail. 6 Gen.Laws R.I. (1956), § 33–11–4. All such claims must be filed within six months from the date of first publication of the statutory notice of the appointment and qualification of the executor. Id., § 33–11–5. The case law makes it abundantly clear that tort claims as well as contract claims are subject to the aforesaid provisions; and that failure to comply therewith will effectively bar any subsequent action for damages against the estate on account of such tort claims. See Kelley v. Harlow, 1930, 51 R.I. 137, 152 A. 696; Hicks v. Wilbur, 1915, 38 R.I. 268, 94 A. 872. The executor may disallow any claim so filed, giving notice in writing of such disallowance, at any time within six months and thirty days of said date of first publication. Id., § 33–11–14. Suit may be brought on a disallowed claim within six months after notice of such disallowance is given to the claimant, "and, unless otherwise authorized, suit on such claim shall not be brought thereafter against the executor * * *." Id., § 33–11–48. As to the effect of this special statute of limitations, see Gray v. Ahern, 1939, 63 R.I. 363, 9 A.2d 38.

I turn now to the application of these provisions to the case at bar. It is clear from the affidavit of the Clerk of the Probate Court, City of Newport, and from the documents annexed thereto, that the only claim filed on behalf of the plaintiff against the estate of the said Macauley was a claim relating to the subject matter of the instant action filed on August 27, 1958, "on behalf of Lucille Fitch, individually and in her capacity as executrix of the estate of her late husband, Benjamin F. Fitch." It is equally clear

that said claim is the foundation on which the plaintiff bottoms the instant action; paragraph 17 of the said fourth amended complaint evidences this fact, and her attorneys have conceded as much in open court. The record also demonstrates that the plaintiff did not in fact qualify as executrix of the estate of her said husband in Rhode Island until February 23, 1960, some eighteen months after the filing of her claim as aforesaid. She had, however, qualified as such executrix in New York prior to the filing of said claim. It is undisputed that the period specified in said § 33–11–5 within which claims might be filed as a matter of course against the estate of the said Macauley has long since expired, Macauley having died on April 18, 1958 and the defendant having first published notice of her appointment as executrix of his estate on May 7, 1958.

It is well settled that a personal representative of a deceased person cannot maintain an action in his official capacity in a state other than that wherein he was appointed, except in circumstances where express permission is granted by statute.[2] 6 Gen.Laws R.I. (1956), § 33–18–26. See Conley v. Huntoon, 1915, 37 R.I. 343, 92 A. 865. The parties agree that there is no such permissive statute relating to the instant action. Here, however, the plaintiff has taken out ancillary letters subsequent to the institution of this action, in sufficient time to avoid dismissal of her action on the ground that she lacks capacity to sue in Rhode Island. Compare Black v. Henry G. Allen Co., C.C.N.Y.1890, 42 F. 618, 9 L.R.A. 433.

The narrow question before me is whether the plaintiff's failure to have taken out such letters prior to the filing by her of said statement of claim in the

---

efit of such an exception has the burden of showing that his claim falls plainly within its terms. Compare Tropico Land & Improvement Co. v. Lambourn, 1915, 170 Cal. 33, 148 P. 206.

2. It is clear that the capacity of the plaintiff to bring the instant action in

a representative capacity depends on the substantive law of Rhode Island. Rule 17(b), F.R.Civ.P. And see Crowe v. DiManno, 1 Cir., 1955, 225 F.2d 652; Jones v. Schellenberger, 7 Cir., 1952, 196 F.2d 852; Redditt v. Hale, 8 Cir., 1950, 184 F.2d 443.

probate court is a bar to the maintenance of the instant action, having in mind that the disallowance of said claim is in essence the basis of the present action. This is a question of first impression in Rhode Island jurisprudence, and thus it becomes my task to make an informed prophecy as to how the Supreme Court of Rhode Island would rule if the issue were presented to it for determination. Mutual Ben. Health & Accident Ass'n v. Cohen, 8 Cir., 1952, 194 F.2d 232; Cooper v. American Airlines, Inc., 2 Cir., 1945, 149 F.2d 355; Fitch v. Firestone, D.C.R.I.1959, 173 F.Supp. 131.

■ It is the widely recognized general rule that "an executor or administrator has no authority to act as such outside the state wherein he was appointed." Crowe v. DiManno, supra, 225 F. 2d at page 653. An excellent statement of the rule appears in Wilcox v. District Court of Salt Lake County, 1954, 2 Utah 2d 227, 272 P.2d 157, at page 158:

"It seems generally to be conceded that a personal representative of a deceased person can sue or be sued, or can be a party to an action or proceeding in his official capacity as representative, only in the state wherein he was appointed, and that his role as extended personality of the deceased does not exist extraterritorially but only within the four corners of the state of his appointment * * *."

To the same effect, see Moore v. Mitchell, 1930, 281 U.S. 18, 50 S.Ct. 175, 74 L.Ed. 673; Dixon's Executors v. Ramsay's Executors, 1806, 3 Cranch 319, 7 U.S. 319, 2 L.Ed. 453; Turner v. Alton Banking & Trust Co., 8 Cir., 1948, 166 F.2d 305; Derrick v. New England Greyhound Lines, Inc., D.C.Mass.1957, 148 F.Supp. 496; Conley v. Huntoon, supra. See generally, 1 Restatement, Conflict of Laws, § 567; 34 C.J.S. Executors and Administrators § 988 b; 21 Am.Jur., Executors and Administrators, § 852.

■ Applying this principle to the instant case, it would seem to follow that the filing of said claim in behalf of the estate of the said Benjamin F. Fitch by the plaintiff in her capacity as executrix in New York had no force and effect, since her power to act for and on behalf of said estate was then confined solely to the limits of the state of her appointment. Diligent research has revealed only a single case squarely in point. In Winbigler v. Shattuck, 1920, 50 Cal.App. 562, 195 P. 707 a New York executor presented a claim against the estate of a California decedent in the appropriate California probate court. The claim was disallowed. Thereafter ancillary letters were obtained in California and suit was instituted upon the claim so presented. There, as here, the plaintiff conceded that the authority of an executor does not normally extend beyond the state of appointment; and there, as here, the plaintiff insisted that a distinction should be drawn between the authority of such an executor to present a claim in a foreign state and his right to maintain an action therein. In rejecting this contention and holding that there had not been a sufficient presentment of said claim to permit an action thereon, the Court said at page 708 of 195 P.:

"* * * The act of Otis A. Beam in presenting the claim, as shown by the letters testamentary issued out of the New York court, was in his representative capacity as executor of the estate of D. Willard Beam, deceased, but such letters possessed no extraterritorial force outside of that state. Under and by virtue of them Otis A. Beam was vested with no power to exercise the functions of the office of such executor in this state, or take any of the statutory steps to collect the debt alleged to be due his testator. Schouler on Executors, §§ 164 and 173. Outside of the state of New York the letters testamentary issued to Otis A. Beam constituted no evidence of his authority to act here in a representative capacity. His relation to the estate of D. Willard Beam, deceased, was, as to defendant, that of an entire stranger, and

hence entitled to no recognition as having authority to deal with the property as assets of the estate in California in any manner whatsoever."

To the same effect, see Pirkle v. Cassity, D.C.Tex.1952, 104 F.Supp. 318, a case distinguishable on its facts from the case at bar, where Judge Allred said by way of dictum at page 321:

"A foreign executor or administrator cannot sue in this state without obtaining new letters here. This is fundamental and goes to the jurisdiction of the court. Nor can a foreign executor or administrator be sued in Texas without his consent. He may not even verify claims against an estate in this state and presentment by him of a claim is a nullity * * *" (footnotes omitted).

This view of the law is entirely consistent with the traditional concepts of the power of a foreign executor. If a personal representative of a decedent has no power to maintain an action without having first obtained ancillary letters, it follows logically that such representative should have no power to take any of the steps necessary to the subsequent maintenance of an action, without having so qualified. I am convinced that this rationale would be adopted by the Supreme Court of Rhode Island should the precise question come before it, particularly in view of the phraseology of 6 Gen.Laws R.I. (1956), § 33–18–26, which governs generally the right of a foreign executor to maintain an action in Rhode Island.[3] The wording thereof clearly indicates a legislative intent to require the procurement of ancillary letters by such executor not only prior to the commencement of suit but also prior to the making of any formal demand in cases where such demand is a condition precedent to the accrual of a cause of action. The presentation of a claim in a probate proceeding is a classic example of such a situation. I find additional support for this conclusion in the case of Thurber v. Carpenter, 1895, 18 R.I. 782, 31 A. 5. The Court there implied that the test of the authority of a foreign executor to act outside the appointing jurisdiction was whether he sought to exercise a power springing from his official capacity or one arising out of a personal right, such as a contract. Where, as here, the power purportedly exercised by the foreign executrix is derived wholly from her official capacity as the representative of said estate in New York, I am constrained to conclude that the courts of Rhode Island would treat her act as a nullity.

Since there has been no valid presentment of the claim upon which this action is based, it follows that this Court is without jurisdiction to entertain the same. Accordingly this action is hereby dismissed for want of jurisdiction.[4]

3. This section provides in pertinent part as follows:
"33–18–26. *Action by foreign executor or administrator—Prerequisites.—* If a corporation refuse to permit a transfer as provided in § 33–18–24 or a person indebted refuse to pay, or having possession refuse to deliver personal property as permitted in § 33–18–25, such executor or administrator, if there is no executor or administrator appointed in this state, upon application to the probate court * * * may be authorized by such court to transfer such shares and bonds or to take possession of such personal property and collect such debts, and such executor or administrator may *demand,* sue for, and recover the same; * * *" (emphasis added).

4. Although the defendant's motion seeks summary judgment, the title of the motion and the exact nature of the relief demanded therein are not binding upon me. Rule 54(c), F.R.Civ.P. See Central Mexico Light & Power Co. v. Munch, 2 Cir., 1940, 116 F.2d 85, 87; Gallogly v. Bakery & Confectionery Workers International Union, D.C.R.I.1960, 180 F.Supp. 778, 781 note 2. The fatal defect here is jurisdictional in nature. Andrews v. O'Reilly, 1912, 34 R.I. 256, 83 A. 119; cf. Gray v. Ahern, supra. A mere dismissal of the action is therefore appropriate. See Leaver v. Parker, 9 Cir., 1941, 121 F.2d 738; J. W. Terteling & Sons v. Central Nebraska Public Power & Irrigation Dist., D.C.Neb.1948, 8 F.R.D. 210.