LYMAN B. FRIEZE, ASSIGNEE OF CHARLES T. JAMES v. GEORGE W. CHAPIN, TRUSTEE.

An injunction will not be granted to stay a sale, under a power contained in a mortgage, in order to enable the mortgagor to off-set against the mortgage a balance, which may be found in his favor upon counter claims, which are in controversy between him and the mortgagor.

Where a mortgage exists upon the capital stock of a corporation, and the treasurer of such corporation is one of the mortgagees, an injunction will be granted to stay a sale under a power in the mortgage, until the treasurer shall have furnished to the mortgagor any information relative to

the business and condition of the corporation, affecting the value of said stock, which the treasurer may have acquired by virtue of his office, beyond what is contained in the books of the corporation.

IN EQUITY. The petitioner prayed for an injunction to restrain the defendant from selling the mansion house and grounds of said James, in Providence, his farm in Scituate, as also his interest in the capital stock of the Atlantic De Laine Company, together with certain other personal property, all of which had been advertised for sale by the defendant, under a power of sale contained in three several mortgages of said property, executed by the said James to the defendant, as trustee of Hill, Carpenter & Co., The Globe Printing Company, Hoyt & Tillinghast, Dodge, Tucker & Co., and Hacker, Lee & Co., to secure the payment of a loan of $75,000, made by said firms to the said James. The petitioner stated, that as further security, said James had placed in the hands of the defendant bonds of the Cannelton Manufacturing Company, of the par value of $50,000, from which, and from the sale of a farm in Warwick, embraced in said mortgages, the defendant had realized the sum of $30,000, and that the property still under mortgage was ample security for the balance due on the loan; and that he had offered to procure the payment of said balance upon an assignment of the mortgages, which offer the defendant had declined. It appeared that James was employed by the parties for whose security the mortgages were executed, to erect and furnish with machinery the mill of the Atlantic De Laine Company, at the price of $260,000, and the petitioner set forth that James, at the request of the parties, expended about $55,000, for materials and machinery furnished for said mill, beyond what he had agreed to furnish by his contract, and claimed a right to

have this amount off-set against the mortgage.   It also appeared, that the Atlantic De Laine Company was a corporation, and consisted, in addition to the firms above named, of the said James, who was the owner of one half of the stock thereof, and of Day, Owen & Co., of Hartford, who were owners of stock to the amount of $3000; that said company had been in operation about eighteen months, and that the defendant was the treasurer and agent of the Company ; and the petitioner alleged that the management of the company concerns was principally in the hands of the defendant and of the firms for whom he was trustee in the mortgages, above mentioned ; and that said defendant and said firms had represented that the Company had met with great losses, and that the business was unprosperous, which the petitioner had reason to believe was not true, and that he had applied to the defendant, as treasurer of the said Company, for a statement of the condition of the Company, which the defendant refused to give ; and the petitioner represented that a sale of his stock in said Company, before the minds of the public were relieved from the false impression thus created, would expose the same to be sold at a great sacrifice, and would enable the defendant and the parties whom he represented, who possessed correct information of the state of the Company's affairs, to purchase said stock at much less than its actual value.

It further appeared, that the claim of said James for outlays for materials and machinery for the Atlantic De Laine Company, beyond what was agreed to be furnished by his first contract with said Company, had been, together with a claim by the Company against him for nearly the same amount, for breach of contract in the construction of said mill, referred to arbitrators for adjust-

ment, and still remained unadjudicated. And it was contended for the defendant, that this claim of said James could furnish no ground for delaying the mortgagee's sale, inasmuch as the claim was against the Atlautic De Laine Company, and could, in no event, be off-set against the balance due on said mortgages, and that if it could, the Court would not interfere with the power of the mortgagee upon a mere contingency that, in the adjustment of the counter claims of James and the Company, a balance might be found in his favor. They further contended, that inasmuch as the petitioner had full liberty, with the other members of the Company, to examine the books and records of the Company, and ascertain from them the true condition of the Company, his want of information upon that point was no ground for an injunction to stay the sale.

*Carpenter* and *Potter*, for the petitioner.

*Payne*, for the defendant.

Greene, C. J. The Court gives to a power of sale in a mortgage the same force and validity as to any other contract. The parties make their own terms, and neither should complain, so long as the other does not violate them. Bnt while the Court upholds and enforces these powers in ordinary cases, there may be cases which are an exception to the rule. The power may be void for fraud in the inception, or subsequent circumstances may have rendered the literal execution inequitable. In the latter case the Court will not interfere, except upon strong reasons. In the present case, the injunction is asked, firstly, because the plaintiff's assignor has unliqui-

dated demands against the Atlantic De Laine Company, to the amount of about $50,000, which he thinks he should be allowed in set-off against these mortgages. The obvious answer to this is, that the mortgagees, though members of the Company, are not the Company. But, aside from this, it appears that the Atlantic De Laine Company claim damages, to nearly the same amount, against James, for a breach of contract in the construction of their mill, and the demands on both sides have been referred for settlement. We are bound to consider both claims equally well founded, and, certainly, we should not be warranted in enjoining the execution of a power, designed to secure a debt, ascertained and already due, upon the contingency that the issue of the controversy before the referees may show a balance in favor of James.

The other ground for the injunction is, that the trustee under these mortgages is the treasurer of the Atlantic De Laine Company, and, as such, in possession of information affecting the value of the plaintiff's shares, which he refuses to disclose, and that a sale, without such disclosure, would be at a great sacrifice. In answer to this it is said, the plaintiff is a member of the corporation, and every means of information, accessible to the treasurer, is open to him. But we think it is not enough that the records of the Company are open to his inspection. The defendant, as treasurer, cannot fail to have a personal knowledge of the affairs of the Company, acquired in his office, which would be valuable, and should be communicated to the plaintiff, but which his position as mortgagee may make it desirable for him to withhold, and, therefore, we think an injunction should be granted, until the defendant shows the Court that he has communicated to the plaintiff all the knowledge he has of the affairs of the Com-

pany, which affects the value of the plaintiff's shares. The same reason does not apply with respect to the other mortgaged property, and therefore the injunction must not extend to it.

· *Injunction granted as to the stock in the Atlantic De Laine Company until further order of the Court.*