915 F.2d 1557
 Unpublished Disposition
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Peter VAN DAAM, Plaintiff, Appellant,
v.
CHRYSLER FIRST FINANCIAL SERVICE CORP, OF RHODE ISLAND,
Defendant, Appellee.
 No. 90-1116.
 United States Court of Appeals, First Circuit.
 Sept. 28, 1990.
 
 Appeal from the United States District Court for the District of Rhode Island; Ernest C. Torres, District Judge.
 Peter Van Daam, on brief pro se.
 Lloyd A.G. Rustigian on brief, for appellee.
 D.R.I.
 AFFIRMED.
 Before TORRUELLA, SELYA and CYR, Circuit Judges.
 PER CURIAM.
 
 
 1
 The appellant challenges the dismissal of his action, brought pursuant to 42 U.S.C. Sec. 1983, which alleged the deprivation of due process in the appellee's foreclosure and sale of real estate owned by the appellant. In the relatively brief history of this matter, the appellant has filed--or attempted to file--four versions of his complaint. None of these versions alleged sufficient facts to satisfy the "state action" requirement that is a prerequisite to all suits under Section 1983. We therefore affirm the decision of the district court.
 
 
 2
 We recount the facts as recited in the appellant's "Third Amended Verified Complaint," the last-fired and presumably most potent weapon in the appellant's arsenal. The appellee, who held a second mortgage on the appellant's property, foreclosed and sold the property at a mortgage sale. According to the appellant, the appellee failed to advertise the sale properly, with the result that the appellee was able to purchase the property at the sale for less than one-tenth of its market value. The appellee then recorded a foreclosure deed conveying the property to itself. The district court's order suggests that the merits of the foreclosure have already been litigated, in appellee's favor, in the state courts of Rhode Island. The appellant, however, claims here that the foreclosure sale was illegal and violated the appellant's due process rights under the Fourteenth Amendment to the United States Constitution.
 
 
 3
 This court will grant a motion to dismiss only if the complaint, when viewed in the light most flattering to the plaintiff's cause, shows no set of facts which could entitle the plaintiff to relief. Mobil Oil Corp. v. Gooley, 851 F.2d 512, 513 (1st Cir.1988). "Nevertheless, minimal requirements are not tantamount to nonexistent requirements. The threshold may be low, but it is real--and it is the plaintiff's burden to take the step which brings his case safely into the next phase of the litigation. The court need not conjure up unpled allegations or contrive elaborately arcane scripts in order to carry the blushing bride through the portal." Id. The plaintiff is required "to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Id. at 514.
 
 
 4
 A material element of any action under Section 1983 is the requirement that the defendant's conduct have amounted to "state action." "A defendant, as the statute provides, must have acted 'under color of' state law; and for a plaintiff to be deprived of a right secured by the Fourteenth Amendment, the state itself, not a mere private party, must have taken property without due process of law." Fletcher v. Rhode Island Hospital Trust National Bank, 496 F.2d 927, 929 (1st Cir.1974). The acts of a private party may in some cases be attributed to the state, but only where there is a sufficiently close nexus between the state and the challenged action so that the action may be fairly treated as that of the state itself. Jackson v. Metropolitan Edison Co., 419 U.S. 345, 349 (1974).
 
 
 5
 With respect to this essential requirement, the Third Amended Verified Complaint says only that the appellee's "actions were based upon the provisions of the Rhode Island statutes relating to mortgage foreclosures and defendant utilized the Rhode Island law and the courts of Rhode Island for the purpose of depriving plaintiffs of their rights which are protected by the due process clause of section 1 of the Fourteenth Amendment of the Constitution of the United States of America." We find this allegation insufficient as a matter of law. Although the complaint does not say so, the parties' briefs both suggest that the foreclosure at issue was conducted under a "power of sale" contained in the mortgage which entitled the mortgagee, after proper notice and advertisement, to conduct the foreclosure sale itself, without resorting to judicial procedures. Courts which have examined the constitutional validity of such non-judicial foreclosures have almost uniformly found that they do not involve "state action" because, among other reasons: (1) state officials do not play any significant role (and often play no role at all) in the proceedings, and (2) the statutes which authorize "power of sale" foreclosures generally do not create the right or compel its exercise, but simply confirm and to some extent regulate a right which was recognized under common law and which exists in a given case by virtue of an agreement between the parties to the mortgage. See Mildfelt v. Circuit Court of Jackson County, Missouri, 827 F.2d 343, 344-46 (8th Cir.1987) (per curiam); Northrip v. Federal National Mortgage Ass'n, 527 F.2d 23, 26-28 (6th Cir.1975); Barrera v. Security Building & Investment Corp., 519 F.2d 1166, 1169-71 (5th Cir.1975); Bryant v. Jefferson Federal Savings and Loan Ass'n, 509 F.2d 511, 513-15 (D.C.Cir.1974); Fitzgerald v. Cleland, 498 F.Supp. 341, 346-48 (D.Me.1980); Dieffenbach v. Buckley, 464 F.Supp. 670, 673-75 (D.N.H.1979). Only where a state official played a direct, virtually co-starring, role in the nominally "non-judicial" foreclosure sale, to the extent that the practice challenged became little more than a "streamlined version of a judicial sale," has a court found the requisite state action in a power of sale statute. Turner v. Blackburn, 389 F.Supp. 1250 (W.D.N.C.1975).
 
 
 6
 We are mindful of the need, in cases raising the state action question, to "sift[ ] facts and weigh[ ] circumstances" before framing our answer, see Burton v. Wilmington Parking Authority, 365 U.S. 715, 722 (1961), but the plaintiff's complaint fails precisely because it lacks a description of facts or circumstances sufficient to cause us to tilt against not only the weight of the numerous decisions cited above, but our own precedent in analogous cases. See Fletcher v. Rhode Island Hospital Trust National Bank, 496 F.2d 927 (1st Cir.1974) (no state action in judicially-sanctioned practice of setting off credit card debts from debtor's bank account); Davis v. Richmond, 512 F.2d 201 (1st Cir.1975) (no state action where boardinghouse landlord, acting pursuant to Massachusetts statute, distrained personal property of tenant who was in arrears).
 
 
 7
 The Rhode Island statutes at issue do not reveal any obvious state involvement. Rhode Island Gen.Laws Sec. 34-11-22 states that "[t]he following power shall be known as the 'statutory power of sale' and may be incorporated in any mortgage by reference" (emphasis supplied). The statute goes on to prescribe a form that recites the power of sale (i.e. the mortgagee's right to sell the property if the mortgagor defaults on the loan), and states requirements concerning notice, conduct of the sale and payment of any surplus obtained thereby.
 
 
 8
 As the underscored language in the preceding paragraph shows, the statute is entirely permissive: it does not compel the inclusion of a power of sale but simply prescribes the form to be used if the parties agree to include one. Nor does the statute create a right; rather, it codifies and regulates a practice which has long been used in Rhode Island and recognized in its courts. See, e.g., Frieze v. Chapin, 2 R.I. 429, 432 (1853). Finally, the statute does not, on its face, require or authorize the involvement of state officials in the foreclosure or sale process. The only event alleged here that might have involved a state official, the recording of the foreclosure deed, was a ministerial act wholly insufficient to satisfy the "state action" requirement. See Northrip v. Federal National Mortgage Ass'n, 527 F.2d at 29, quoting Global Industries v. Harris, 376 F.Supp. 1379, 1383 (N.D.Ga.1974).
 
 
 9
 In sum, we can find nothing in either the complaint or the statute to suggest that a "state official or agency participated in the creation of the power of sale, in the decision to exercise that power, or in the actual exercise of that power." Barrera v. Security Building & Investment Corp., 519 F.2d at 1170. The complaint therefore fails to allege the existence of an essential element of a claim under Section 1983, and was properly dismissed.
 
 
 10
 Affirmed.