# United States Court of Appeals

## For the First Circuit

No. 05-1722

ESSO STANDARD OIL COMPANY (Puerto Rico),
a Puerto Rico Corporation,

Plaintiff, Appellee,

v.

CARLOS E. RODRÍGUEZ-PÉREZ; CARMEN ORTIZ-LOPEZ;
CONJUGAL PARTNERSHIP RODRÍGUEZ-ORTIZ,

Defendants, Third-Party Plaintiffs, Appellants,

CARLOS M. BELGODERE-PAMIES; JANET ROE;
CONJUGAL PARTNERSHIP BELGODERE-ROE,

Defendants,

ESTATE OF PAGÁN-PAGÁN,

Third-Party Defendant, Appellee.

ON APPEAL FROM A JUDGMENT OF THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
[Hon. Justo Arenas, Chief Magistrate Judge]

Before

Lipez and Howard, Circuit Judges,
and Bowman,[*] Senior Circuit Judge.

Héctor M. Alvarado-Tizol, for appellant.
David P. Freeman, with whom Alexandra Rivera-Saez and O'Neill
& Borges were on brief, for appellees.

June 14, 2006

---

[*] Of the Eighth Circuit, sitting by designation.

**LIPEZ, Circuit Judge.** Esso Standard Oil Company brought suit under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), and the Resource Conservation and Recovery Act ("RCRA") against Carlos Rodríguez-Pérez, his wife Carmen Ortiz-Lopez, and their conjugal partnership; and Carlos M. Belgodere-Pamies, his wife Janet Roe, and their conjugal partnership (collectively, "Defendants"). The defendants filed state law counterclaims. The parties consented to proceed before a U.S. magistrate judge. On summary judgment, the magistrate judge dismissed those counterclaims with prejudice.

Subsequently, with Esso's claims still pending, the United States Supreme Court decided Cooper Industries, Inc. v. Aviall Services, Inc., 543 U.S. 157 (2004). There, the Court held that a CERCLA contribution claim, similar to the one asserted in this case by ESSO, was subject to certain statutory requirements. There is no dispute that Esso did not meet these requirements and, therefore, could not maintain its CERCLA claim against the defendants. The magistrate judge dismissed the CERCLA claim accordingly.

The defendants now challenge the magistrate judge's dismissal of their state law counterclaims, claiming that, in the aftermath of Cooper Industries, there was never subject matter jurisdiction over them. We affirm.

## A. Factual Background

Esso primarily sought two forms of relief: (1) contribution under § 113(f) of CERCLA, 42 U.S.C. § 9613(f); and (2) injunctive relief under § 7002(a)(1)(B) of the Solid Waste Disposal Act, as amended by RCRA, 42 U.S.C. § 6972, for the response costs that Esso incurred in remedying environmental contamination at a gasoline service station located in La Vega Ward, Barranquitas, Puerto Rico (the "Station"). Operated as a retail service station from the mid-1930's until August 1998 when it was closed, the Station sold gasoline, diesel fuel, automobile parts, and motor oil. The Station's operators performed oil changes, greasing operations, used battery recharging and replacement, mechanical work, and the washing of vehicles on the premises. In 1971, Rodriguez took over control of the Station's day-to-day operations from his father. In 1979, Rodriguez leased the station from José Domingo Pagán-Pagán. Rodriguez managed and controlled the Station from 1979 until its closure in August 1998.

There was significant disposal of hazardous substances on the premises during the Station's operation under Rodriguez's management. Motor oil drained from automobiles was allowed to flow into the Piñones River, a body of water located behind the station. Similarly, used oil filters were found buried in large quantities in the northern part of the Station. Gasoline and diesel used to

flush dirt and grease from vehicles were rinsed onto the ground and into the river using a pressure hose. As a result, the premises became contaminated with a number of hazardous substances including lead, chromium, benzene, ethylbenzene, toluene, and xylene.

Belgodere began his involvement at the station in 1993. In 1994, he conducted reviews of soil conditions and inventory records in connection with a prior civil action brought by Rodriguez against Esso. In 1995, Belgodere entered into a formal agreement with Rodriguez to act as the latter's environmental consultant and expert witness.

Under CERCLA, Esso sought contribution from Defendants for the cost of cleaning up the hazardous substances on the premises of the Station. Under RCRA, Esso sought an injunction ordering Defendants, among other things, "to investigate, abate and remediate any endangerment posed by the environmental conditions" at the Station.

B. Procedural Background

The proceedings, as they are relevant to this appeal, unfolded as follows:

-- After Esso filed its Second Amended Complaint, Defendants filed counterclaims grounded in state law claiming: (1) lost income; (2) lost future income; (3) lost gasoline; (4) slander; (5) attorney's fees; (6) mental anguish; and (7) injunctive relief.

-4-

-- Both parties moved for summary judgment on the issue of liability for contribution under CERCLA. Esso also moved for summary judgment on the state law counterclaims.

-- The magistrate judge issued an opinion and order on the pending summary judgment motions. The magistrate judge granted summary judgment in favor of Esso on Defendants' counterclaims, concluding that the state law counterclaims were time-barred. The magistrate judge also ruled in favor of Esso on the CERCLA liability claim.

-- Defendants filed a motion for reconsideration, requesting the magistrate judge to reconsider his summary judgment decision.

-- While the reconsideration motion was pending, Esso submitted an informative motion advising the magistrate judge of the Supreme Court's decision in Cooper Industries. As a result of Cooper Industries, Esso could not maintain its contribution claim pursuant to § 113(f)(1) of CERCLA.

-- The magistrate judge denied Defendants' motion for reconsideration. The magistrate judge contemporaneously issued: (1) a partial final judgment dismissing Defendants' counterclaims with prejudice pursuant to Fed. R. Civ. P. 54(b) (which permits a district court to enter final judgments as to one or more but fewer than all claims in a case involving multiple claims and/or parties); and (2) an order requesting Esso to show cause as to the effect of Cooper Industries on its CERCLA claim.

-- In response to the magistrate judge's request to show cause, Esso moved for voluntary dismissal without prejudice of both its CERCLA and RCRA claims.

-- The magistrate judge entered an opinion and order dismissing Esso's CERCLA claim with prejudice, based on the <u>Cooper Industries</u> decision. The court also dismissed Esso's RCRA claim without prejudice.

-- Defendants filed a motion to vacate judgment under Fed. R. Civ. P. 60(b)(4) and 41(a)(2). Rule 60(b)(4) permits a district court to relieve a party from a final judgment, order, or proceeding if the judgement is void. Rule 41(a)(2) establishes a framework for district courts to enter voluntary dismissals.

-- Esso filed a motion to amend or alter judgment pursuant to Rule 59(e), requesting that the dismissal of its CERCLA claim be without prejudice. Esso argued that because its CERCLA claim was a contribution claim, the claim's dismissal should be without prejudice in order to avoid <u>res judicata</u> and allow Esso to renew the contribution claim on grounds other than § 113(f)(1) of CERCLA.

-- The magistrate judge issued a final order and opinion denying Defendants' motion to vacate judgment. The magistrate judge explained that while there never was subject matter jurisdiction over Esso's CERCLA claim, there was jurisdiction over the case at

all times because of Esso's RCRA claim.[1]  Therefore, it had supplemental jurisdiction over Defendants' state counterclaims when it ruled that those claims were time-barred.

-- In its final amended judgment, the magistrate judge, persuaded by the reasoning in Esso's motion to alter or amend judgment, dismissed without prejudice both Esso's CERCLA and RCRA claims. Previously, he had dismissed the CERCLA claim with prejudice.

## C.  Standard of Review

We review a district court's ultimate conclusion on the existence vel non of subject matter jurisdiction de novo because it is a question of law.  Skwira v. United States, 344 F.3d 64, 72 (1st Cir. 2003) (citing Valentín v. Hosp. Bella Vista, 254 F.3d 358, 365 (1st Cir. 2001)).  Review of a decision made pursuant to Rule 60(b)(4) is also de novo.  M & K Welding, Inc. v. Leasing Partners, LLC, 386 F.3d 361, 365 (1st Cir. 2004) ("Although orders on some Rule 60(b) motions, such as those asserting mistake or excusable neglect under subsection (b)(1), ordinarily are reviewable only for abuse of discretion, a decision whether or not a judgment is void under 60(b)(4) allows no room for discretion. The review is de novo.").

---

[1] We are not called upon to decide whether the CERCLA claim should have been dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), as the magistrate judge ruled, or for failure to state a claim under Rule 12(b)(6).

**A.  Cooper Industries**

There is no dispute that Esso's CERCLA claim was not properly before the magistrate judge.  In Cooper Industries, the Supreme Court clarified the circumstances under which a private party may seek contribution under § 113(f)(1) of CERCLA.  Section 113(f)(1), pursuant to which Esso brought its contribution claim against Defendants, "allows persons who have undertaken efforts to clean up properties contaminated by hazardous substances to seek contribution from other parties liable under CERCLA."  Cooper Indus., 543 U.S. at 160.  Section 113(f)(1) further specifies that a party may obtain contribution "during or following any civil action" under CERCLA § 106 or § 107(a).

The issue the Court decided was "whether a private party who has not been sued under § 106 or § 107(a) [of CERCLA] may nevertheless obtain contribution under § 113(f)(1) from other liable parties."  543 U.S. at 160-61.  The Court held that such a party may not.  Id. at 161.  Because, like the plaintiff in Cooper Industries, Esso had not been sued under § 106 or § 107(a) of CERCLA, it could not maintain its § 113(f)(1) CERCLA claim and the magistrate judge properly dismissed it.

**B.  Esso's RCRA claim**

Defendants argue that Esso's RCRA claim, like its CERCLA claim, was not properly before the magistrate judge.  As a result,

because there was no pending question of federal law, there was no supplemental jurisdiction over Defendants' state law counterclaims, and they could not have been dismissed with prejudice. See 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy under Article III."); BIW Deceived v. Local S6, Indus. Union of Marine and Shipbuilding Workers of Am., 132 F.3d 824, 833 (1st Cir. 1997) ("A federal court that exercises federal question jurisdiction over a single claim may also assert supplemental jurisdiction over all state-law claims that arise from the same nucleus of operative facts.").

Defendants base their argument on 42 U.S.C. § 6972(b)(1)(B), which details one of the limitations on filing a citizen suit[2] pursuant to RCRA. It states that a citizen suit may not be commenced "if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States or a State to require compliance with such permit, standard, regulation, condition, requirement, prohibition,

_____

[2] A citizen suit is "[a]n action under a statute giving citizens the right to sue violators of the law . . . and to seek injunctive relief and penalties." Black's Law Dictionary, 8th ed. (2004). Typically, citizen suits, where they exist, function as a form of statutory enforcement in addition to, or in conjunction with, enforcement by an administrative agency or other governmental entity.

or order." However, the plain language of the statute undermines Defendants' position. While it is true that the Puerto Rico Environmental Quality Board is prosecuting an administrative case involving the Station, the statutory provision precludes a citizen suit under RCRA only if the suit is "a civil or criminal action in a court of the United States or a State." An administrative proceeding does not take place in a "court of the United States or a State." The RCRA claim was properly before the magistrate judge, and there was supplemental jurisdiction over the state law counterclaims.

## C. Abstention

Defendants also assert that the magistrate judge should have abstained from hearing and determining their state law counterclaims. Defendants raised this argument for the first time on March 14, 2005 in a reply to an opposition to one of their motions for reconsideration. This demand for abstention came more than three-and-a-half years after Esso's RCRA claim was first filed in district court, and, more importantly, after Defendants had litigated the state law counterclaims on the merits, culminating in the magistrate judge's summary judgment ruling on those counterclaims. Defendants did not raise their abstention argument in a timely fashion, and we will not entertain it here. See Marshall v. Marshall, 126 S.Ct. 1735, 1746 n.3 (2006) (upholding a bankruptcy court's decision to reject a motion for mandatory

-10-

abstention as untimely because the motion was filed eight months after adversary proceeding had begun).

**D.  The merits**

In their appellate reply brief, Defendants invite us to review the merits of the magistrate judge's summary judgment decision on their state law counterclaims.  Defendants contend that the magistrate judge was in error because their state law counterclaims were not time-barred.  In the proceedings below, Defendants challenged the magistrate judge's dismissal of their state law counterclaims solely on jurisdictional grounds; they did not challenge the merits of the magistrate judge's decision.  We do not address any of these merits arguments because they were not properly raised by Defendants before the magistrate judge.  See Boston Beer Co. Ltd. P'ship v. Slesar Bros. Brewing Co., Inc., 9 F.3d 175, 180 (1st Cir. 1993)("The law in this circuit is crystalline: a litigant's failure to explicitly raise an issue before the district court forecloses that party from raising the issue for the first time on appeal.").  Additionally, arguments made on appeal normally cannot be made for the first time in a reply brief.  Aulson v. Blanchard, 83 F.3d 1, 7 (1st Cir. 1996) ("[R]elief from an appellate court, requested for the first time in a reply brief, is ordinarily denied as a matter of course.").

-11-

**E.  Rule 41(a)(2)**

Finally, Defendants contend that the magistrate judge could not dismiss the state law counterclaims with prejudice, while at the same time dismissing Esso's CERCLA and RCRA claims without prejudice.  Defendants base this argument on Fed. R. Civ. P. 41(a)(2).  Rule 41(a)(2), which provides for voluntary dismissals, states in relevant part that:

> [i]f a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.  Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

This language does not support Defendants' position.  Esso did not move for voluntary dismissal of its CERCLA and RCRA claims until after the magistrate judge had granted partial summary judgment on Defendants' counterclaims.  Because the state law counterclaims were no longer pending at the time of the magistrate judge's voluntary dismissal of Esso's federal claims, Rule 41(a)(2) does not apply.

**Affirmed**.