# United States Court of Appeals
## For the First Circuit

No. 07-1605

ALBERTO SAN, INC.,

Plaintiff, Appellant,

v.

CONSEJO DE TITULARES DEL CONDOMINIO SAN ALBERTO; ROBERTO VÉLEZ-BÁEZ; DANIEL GARAVITO-MEDINA; JOSÉ GONZÁLEZ; JOHN DOE; RICHARD DOE,

Defendants, Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Torruella, Circuit Judge,
Selya, Senior Circuit Judge,
and Lynch, Circuit Judge.

A.J. Amadeo Murga for appellant.

Andrés W. López for appellees.

March 28, 2008

**LYNCH**, **Circuit Judge**.  This is an appeal from the district court's dismissal of plaintiff's complaint for lack of subject matter jurisdiction.

The complaint was brought by Alberto San, Inc., an owner of a substantial interest in an office condominium, against the board and other owners of the condominium.  The complaint alleged that a Puerto Rico statute, which decreased plaintiff's original voting power in the condominium association, violated plaintiff's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution.

The change in voting rights initially resulted from the enactment of Law 157 in 1976, which abrogated Law 104, on which plaintiff's claim is based.  Under Law 104, voting rights were assigned by percentage of ownership; Law 157 assigns one vote to each owner regardless of the owner's share in the condominium.  Further, a statute enacted on July 7, 2003, repeated the relevant terms of the 1976 statute.  Plaintiff filed suit on December 6, 2006, after an April 30, 2004 majority vote of the condominium association rejected plaintiff's position that a reserve hurricane fund was no longer needed (because insurance had been purchased) and should thus be distributed.  Plaintiff alleges that if the fund were distributed, it would be entitled to receive $250,000.  This is based on plaintiff's assertion that most of the present owners never contributed to the fund.

-2-

Plaintiff's federal court complaint seeks damages of $500,000, an injunction against the defendants precluding them from relying on specific provisions of Puerto Rico law, a declaration that the 1976 and 2003 statutes are unconstitutional, and an injunction against the condominium association preventing it from spending funds to defend this case. The complaint sought relief under 42 U.S.C. § 1983 and 28 U.S.C. § 2201. The complaint also sought relief for unjust enrichment, presumably under Puerto Rico law.

On February 21, 2007, plaintiff moved for summary judgment on its claims. In its summary judgment papers, plaintiff again argued that the 1976 statute was unconstitutional under the Due Process Clause. Jurisdiction was asserted under 28 U.S.C. § 1331, which confers federal jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."

Defendants moved to dismiss for lack of subject matter jurisdiction on March 2, 2007. Defendants argued that the only basis alleged for a federal claim was a § 1983 action, which must fail because there was no state action.

In its opposition to the motion to dismiss, plaintiff argued that the constitutional due process claim based on the statute was by itself sufficient to invoke federal jurisdiction under § 1331. As for the § 1983 claim, plaintiff conceded that "we

have no state actor" but argued that § 1983 still applies when private parties "act[] pursuant to an unconstitutional statute and were present [sic] other conditions."

In an unpublished decision, the district court held that there was no subject matter jurisdiction under § 1331. The court based that jurisdictional ruling on its determination that plaintiff had not alleged sufficient facts to establish "state action" under § 1983, which provides a remedy for deprivations of federal rights under color of state law.[1] Thus, without an independent cause of action, § 1331 was insufficient to confer federal jurisdiction. Although the court's decision referenced both Rule 12(b)(1) (lack of subject matter jurisdiction) and Rule 12(b)(6) (failure to state a claim), it entered a dismissal for lack of jurisdiction, and did so without prejudice. See Fed. R. Civ. P. 12(b)(1), (6). While the outcome on appeal is the same, there are distinctions that should be observed between failure to state a claim and lack of jurisdiction. We explain.

"Almost by definition, a claim under § 1983 arises under federal law and will support federal-question jurisdiction [under § 1331] . . . ." Local Union No. 12004, United Steelworkers v. Massachusetts, 377 F.3d 64, 75 (1st Cir. 2004). We would be

---

[1] Section 1983's requirement of action "under color of state law" is identical to the "state action" requirement of the Fourteenth Amendment. Lugar v. Edmondson Oil Co., 457 U.S. 922, 929 (1982).

reluctant to say these § 1983 and state action questions are so clearly lacking as to make the federal question insubstantial for jurisdictional purposes. See Penobscot Nation v. Georgia-Pacific Corp., 254 F.3d 317, 322 (1st Cir. 2001) ("[T]he Supreme Court has often said that a colorable claim of a federal cause of action will confer subject matter jurisdiction even though the claim itself may fail as a matter of law on further examination."). Therefore, the complaint should not have been dismissed on jurisdictional grounds. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998); 13B Wright & Miller, Federal Practice and Procedure § 3563, at 49 (2d ed. 1984).

Whether plaintiff adequately pleaded state action for purposes of stating a claim under § 1983 is a different question, and one that we reach.[2] That question was adequately presented to the district court and briefed by the parties, so there is no lack of notice or unfairness in our reaching it.

The district court found no state action because of the lack of any joint participation by state officials in private

_____

[2] In its opposition to the motion to dismiss in the district court, the plaintiff for the first time made a single reference to the Contract Clause of the U.S. Constitution, art. I, § 10, with no argument presented. The district court opinion was devoted to the § 1983 state action question and noted that plaintiff had failed to identify any other basis for federal jurisdiction.
We reject plaintiff's attempts on appeal to shift its focus to a Contract Clause analysis under § 1331. The argument was waived in the district court and we will not entertain it here.

defendants' conduct. Plaintiff argues that it has sufficiently pleaded state action by alleging that the defendants were acting pursuant to an unconstitutional state statute.

The state action requirement has two components: "First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state . . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).

A complaint satisfies the first component where, as here, it alleges that defendants were acting pursuant to a state statute that deprived plaintiff of its rights (here, diluting plaintiff's property interests by creating greater voting rights in others). See id. at 941; Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 4 n.10 (1st Cir. 2005). However, satisfaction of that first component is not sufficient in itself to satisfy the state action requirement. If it were, "private parties could face constitutional litigation whenever they s[ought] to rely on some state rule governing their interactions with the community surrounding them." Lugar, 457 U.S. at 937.

Turning, as we must, to the second component of the state action inquiry, a private party can be fairly characterized as a state actor if the circumstances of the case meet one of three tests: the public function test, the joint action/nexus test, or

-6-

the state compulsion test.  Estades-Negroni, 412 F.3d at 5.  The first is clearly not applicable here, as defendants in managing their condominium association were not performing "a public function that has been 'traditionally the exclusive prerogative of the State.'"  Id. (quoting Blum v. Yaretsky, 457 U.S. 991, 1005 (1982)).

The second test applies where private citizens are "participant[s] in joint activity with the State or its agents."  Lugar, 457 U.S. at 941 (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)) (internal quotation marks omitted).  The district court correctly ruled that no such joint participation was alleged here.  Cf. id. at 939 n.21 (disagreeing that "a private party's mere invocation of state legal procedures constitutes 'joint participation'").  Even if a statute is unconstitutional, private actions taken pursuant to such a statute may remain private.  Spencer v. Lee, 864 F.2d 1376, 1381 (7th Cir. 1989).

Finally, the state compulsion test considers whether "the state 'has exercised coercive power or has provided such significant encouragement, either overt or covert, that the [challenged conduct] must in law be deemed to be that of the State.'"  Estades-Negroni, 412 F.3d at 5 (quoting Blum, 457 U.S. at 1004).  There is no such coercion or significant encouragement here.  In the end, all plaintiff can point to is the existence of a statute, but that alone is not enough.  Wojcik v. Town of North

Smithfield, 874 F. Supp. 508, 517 (D.R.I. 1995) ("Action by a private party in compliance with a statute is not sufficient to justify a characterization of that party as a 'state actor.'").

If the mere existence of a statute were sufficient to satisfy the second component of the state action inquiry, that component would merge into the first, but the Supreme Court has noted that these components are distinct and do not merge when the defendants are private citizens. See Lugar, 457 U.S. at 937. Rather, "something more" is required to establish that a private entity should be considered a state actor. Id. at 939. Since nothing more was or could be alleged here, the district court was correct that plaintiff failed to state a claim under § 1983.

With the § 1983 claim set aside, plaintiff is left without a federal case. Alleging a constitutional wrong is insufficient to survive a Rule 12(b)(6) motion unless plaintiff can point to another federal statute or the existence of a federal common law cause of action. See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 68 (2001) (noting Court's unwillingness to recognize any additional common law causes of action for constitutional torts). Section 1331 extends federal jurisdiction to "those [cases] in which federal law creates the cause of action," Merrell Dow Pharms.

<u>Inc.</u> v. <u>Thompson</u>, 478 U.S. 804, 809 (1986);[3] it does not itself provide relief.

The Declaratory Judgment Act, 28 U.S.C. § 2201, gets plaintiff no further. That Act merely "makes available an added anodyne for disputes that come within the federal courts' jurisdiction on some other basis." <u>Ernst & Young</u> v. <u>Depositors Econ. Prot. Corp.</u>, 45 F.3d 530, 534 (1st Cir. 1995); <u>see</u> <u>also</u> <u>Skelly Oil Co.</u> v. <u>Phillips Petroleum Co.</u>, 339 U.S. 667, 671 (1950); <u>Progressive Consumers Fed. Credit Union</u> v. <u>United States</u>, 79 F.3d 1228, 1230 (1st Cir. 1996); <u>McCarthy</u> v. <u>Marshall</u>, 723 F.2d 1034, 1037 (1st Cir. 1983). Thus "[t]here must be an independent basis of jurisdiction . . . before a federal court may entertain a declaratory-judgment action." 10B Wright & Miller, <u>Federal Practice and Procedure</u> § 2766, at 644 (3d ed. 1998). Section 2201 is the cart; plaintiff still needs a horse.

Plaintiff does not allege that the defendants could have brought a claim raising a federal question, which would allow in turn the use of § 2201 to establish a federal defense, <u>see</u> <u>id.</u> § 2767, at 655 -- nor could it. The Due Process Clause protects property from wrongful deprivation by public actors, not private; the closest public action here is the statute's enactment, and the

---

[3] There is a limited exception extending § 1331 coverage to state law claims involving "contested" and "substantial" federal issues that implicate "serious federal interest[s]." <u>Grable & Sons Metal Prods., Inc.</u> v. <u>Darue Eng'g & Mfg.</u>, 545 U.S. 308, 313 (2005). That exception is exceedingly rare and clearly not applicable here.

-9-

constitutionality of that statute is only tangentially related to plaintiff's real complaint. In a properly instituted state court action, this question of constitutionality would arise as a potential defense, if at all. Cf. Skelly Oil Co., 339 U.S. at 672-74 (artful pleading anticipating a federal defense is not sufficient to invoke federal jurisdiction under the Declaratory Judgment Act).

Given the congressional intent to limit § 1983 claims brought under federal question jurisdiction to situations of state action, it would not be appropriate to grant such relief in this case. As the district court noted and we have discussed, plaintiff has not alleged any other viable premise on which to bring its suit. The suit was thus an appropriate candidate for dismissal for failure to state a claim.

Plaintiff also appeals from the district court's award of attorneys' fees to defendants. Plaintiff's complaint, though unsuccessful, was not so "frivolous, unreasonable, or without foundation" as to warrant an award of attorneys' fees to defendants. Tang v. R.I. Dep't of Elderly Affairs, 163 F.3d 7, 13 (1st Cir. 1998) (quoting Christianburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)). Accordingly, we vacate the fee award.

We thus remand with instructions to revise the judgment to dismiss the federal claim with prejudice, to dismiss without

prejudice the Puerto Rico law claim for unjust enrichment, and to deny the defendants' motion for award of attorneys' fees.

Costs are awarded to the defendants.

So ordered.