# United States Court of Appeals
## For the First Circuit

No. 13-1897

JANET S. GRAPENTINE,

Plaintiff, Appellant,

v.

PAWTUCKET CREDIT UNION,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. John J. McConnell, Jr., U.S. District Judge]

Before

Lynch, Chief Judge,
Howard, and Thompson, Circuit Judges.

Keven A. McKenna, on brief for appellant.
Joel E. Votolato, John T. Gannon, and McCorry and Gannon, PC.,
on brief for appellee.

June 16, 2014

**THOMPSON, <u>Circuit Judge</u>**.  The sole question presented on this appeal is whether the district court properly dismissed the appellant's complaint for lack of subject matter jurisdiction. Finding that dismissal was proper, we affirm the ruling of the district court.

## BACKGROUND

In September 2008, appellant Janet S. Grapentine ("Grapentine") entered into a mortgage contract with appellee Pawtucket Credit Union ("PCU") for the purchase of real estate in Bristol, Rhode Island.  The mortgage agreement included a covenant permitting PCU to accelerate its loan and invoke its statutory power of sale in the event Grapentine defaulted on her loan payments.  This private contractual remedy, to which the contract expressly referred, is authorized by Rhode Island General Laws § 34-11-22.  That statute provides, in pertinent part:

> The following power shall be known as the 'statutory power of sale' and may be incorporated in any mortgage by reference:
>
> (Power)
>
> But if default shall be made in the performance or observance of any of the foregoing or other conditions . . . then it shall be lawful for the mortgagee . . . to sell, together or in parcels, all and singular the premises hereby granted or intended to be granted, or any part or parts thereof . . . .

R.I. Gen. Laws. § 34-11-22.

After Grapentine fell behind on her loan in October 2012, PCU declared her in default, invoked its statutory power of sale, and began to foreclose on the property. In response, Grapentine filed suit against PCU in the district court. She alleged in her amended complaint (which we refer to simply as her complaint) that the foreclosure pursuant to § 34-11-22 violated her federal and state due process rights because the state statute permitted PCU to foreclose on her property without a judicial hearing. PCU fired back with a motion to dismiss for lack of subject matter jurisdiction.

The district court granted PCU's motion on June 17, 2013, finding that none of the statutory bases cited in Grapentine's complaint conferred federal jurisdiction. Grapentine timely appealed.

## STANDARD OF REVIEW

The existence of subject matter jurisdiction is a question of law, and we review de novo the district court's grant of a motion to dismiss for lack of subject matter jurisdiction. Esso Standard Oil Co. (P.R.) v. Rodríguez-Pérez, 455 F.3d 1, 4 (1st Cir. 2006).

## DISCUSSION

The parties agree they are non-diverse and it is uncontested that the diversity statute, 28 U.S.C. § 1332, does not confer federal jurisdiction over Grapentine's claims. We therefore

review the only other basis for federal jurisdiction asserted by Grapentine, 42 U.S.C. § 1983. For the reasons set forth below, we find no federal jurisdiction.

## A. 42 U.S.C. § 1983

Generally speaking, 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." To state a claim under that statute, a plaintiff must assert two allegations: (1) "that some person deprived [her] of a federal right," and (2) that such person "acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640 (1980) (citing Monroe v. Pape, 365 U.S. 167, 171 (1961)). Significantly, § 1983 does not apply to "'merely private conduct, no matter how discriminatory or wrongful.'" American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)). This is where Grapentine's complaint falls short.

We note first that in Rhode Island, the existence of § 34-11-22 notwithstanding, "the right to exercise the power of sale in a mortgage is derived from contract, not statute." Bucci v. Lehman Bros. Bank, FSB, 68 A.3d 1069, 1084 (R.I. 2013) (citing Thurber v. Carpenter, 31 A. 5, 6 (R.I. 1895)). This "contractual power of sale was recognized long before § 34-11-22 was enacted in

-4-

1927."  <u>Id.</u> at 1085.  Thus, "'though regulated by statute . . . nonjudicial foreclosure is a private procedure involving private parties, occurring pursuant to a private power of sale contained in a [mortgage].'"  <u>Id.</u> (alterations in original) (quoting 55 Am.Jur.2d <u>Mortgages</u> § 472 at 202 (2009)).

There is no dispute here that PCU--the only defendant named in Grapentine's complaint--is a private entity.  At first glance, it appears Grapentine cannot satisfy the under color of state law requirement since she has not sued the State, any of its subdivisions, or any public employee.  This is not by itself dispositive, however, as "a private party can be fairly characterized as a state actor if the circumstances of the case meet one of three tests: the public function test, the joint action/nexus test, or the state compulsion test."  <u>Alberto San, Inc.</u> v. <u>Consejo De Titulares Del Condomonio San Alberto</u>, 522 F.3d 1, 4 (1st Cir. 2008).[1]  Grapentine asserts PCU is a state actor

---

[1] We note that in <u>Alberto San</u> we cautioned district courts against dismissing diversity actions asserting claims under § 1983 for lack of jurisdiction because, "[a]lmost by definition, a claim under § 1983 arises under federal law and will support federal-question jurisdiction" pursuant to § 1331.  522 F.3d at 3 (quoting <u>Local Union No. 12004, United Steelworkers</u> v. <u>Massachusetts</u>, 377 F.3d 64, 75 (1st Cir. 2004)).  The plaintiff in <u>Alberto San</u> asserted that a state statute acted directly upon him by reducing his voting power in a condominium association.  <u>Id.</u> at 2.  Grapentine's claims here are quite different: her complaint simply fails to allege any state action apart from the mere existence of § 34-11-22.  As we discuss, the fact that Rhode Island law permits a private mortgage contract to incorporate a non-judicial power of sale, without more, does not implicate state action.

under all of these tests.  She bears the burden of proving as much, Mead v. Independence Ass'n, 684 F.3d 226, 231 (1st Cir. 2012), and after careful review we find that she fails to carry her burden here, as her complaint does not set forth any allegations of state action.

### i. *The Public Function Test*

"The public function [test] is designed to flush out a State's attempt to evade its responsibilities by delegating them to private entities."  Perkins v. Londonderry Basketball Club, 196 F.3d 13, 18-19 (1st Cir. 1999).  Common sense tells us that PCU was not performing any sort of public function when it entered into a mortgage contract with Grapentine or when it subsequently exercised the power of sale contemplated in the parties' agreement. Nonetheless, Grapentine attempts to counter this point by arguing that legislation authorizing non-judicial foreclosures and sales in itself constitutes state action.

The Supreme Court, unfortunately for Grapentine, has squarely rejected the argument that mere legislative authorization of a creditor's private power of sale with respect to a debt owed constitutes a delegation of a traditional government function. Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 162-64 (1978); see also Apao v. Bank of N.Y., 324 F.3d 1091, 1094 (9th Cir. 2003) (recognizing Flagg Brothers's holding that "legislative approval of a private self-help remedy was not the delegation of a public

function"). We see no reason to depart from this logic here. Grapentine's allegations simply do not permit any inference that PCU was performing a public function when it invoked a private contractual remedy, even though that remedy was permitted by state law.

## ii. *Joint Action/Nexus Test*

We move on to consider whether Grapentine's allegations satisfy the joint action/nexus test. "[A] private party's joint participation with state officials in the seizure of disputed property is sufficient to characterize that party as a 'state actor' for purposes of the Fourteenth Amendment." Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 941 (1982). We note first that Grapentine did not come right out and allege joint action in her complaint, nor did she name Rhode Island as a party to this litigation. Accordingly, her complaint's bare allegations do not satisfy the joint action/nexus test. Nonetheless, on appeal Grapentine feebly posits an attenuated theory of joint action.

Grapentine contends that the state "dominates the foreclosure process" through its police and legislative power, thus meeting the joint action/nexus test. We find no allegations here to support any inference that the state exercised its police power in conjunction with PCU to effectuate the foreclosure process. Cf. Lugar, 457 U.S. at 924-25, 940-42 (finding state action where private party utilized prejudgment attachment procedure set forth

in state law, pursuant to which a state court issued, and the sheriff executed, a writ of attachment sequestering another's property). And with respect to the implication that the joint action/nexus test is met simply by the existence of § 34-11-22, we return to the principle set out in Flagg Brothers, supra, and conclude that mere legislative sanction of a private remedy does not constitute state action. Indeed, far from involving state action, § 34-11-22 simply permits a lender to exercise a right that the borrower voluntarily granted to it in a mortgage contract.

The allegations in Grapentine's complaint do not permit us to infer that PCU acted in conjunction with any state agency or public official in connection with the foreclosure. To the contrary, from all that appears in her complaint, PCU acted alone, and as a private entity, when it sought to enforce a contractual right in the mortgage agreement between two private parties. Grapentine thus fails to allege sufficient facts to find joint action between PCU and the state.

### iii. *State Compulsion Test*

Lastly, under the state compulsion test we will find the state action requirement has been satisfied when a plaintiff demonstrates that "the state has 'exercised coercive power or has provided such significant encouragement, either overt or covert, that the [challenged conduct]'" must be attributed to the state. Alberto San, 522 F.3d at 4 (alteration in original) (quoting

Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 5 (1st Cir. 2005)).

Grapentine's complaint is bereft of any allegation of state coercion or encouragement, explicit or otherwise. Nor can Grapentine rely on the naked existence of § 34-11-22 to satisfy this test. In Van Daam v. Chrysler First Fin. Servs. Corp. of R.I., we explained in an unpublished opinion that, in general, non-judicial foreclosure statutes do not implicate state action because

> (1) state officials do not play any significant role (and often play no role at all) in the proceedings, and (2) the statutes which authorize 'power of sale' foreclosures generally do not create the right or compel its exercise, but simply confirm and to some extent regulate a right which was recognized under common law and which exists in a given case by virtue of an agreement between parties to the mortgage.

No. 90-1116, 1990 WL 151385, at *2 (1st Cir. 1990) (per curiam) (unpublished). This holding is in accordance with those of our sister circuits. See Apao, 324 F.3d at 1094 ("When the constitutionality of such [non-judicial foreclosure] statutes was challenged in a series of cases beginning in the 1970s, six circuits, including our own [i.e., the Ninth], found that the provisions did not violate the Fourteenth Amendment.").

We went on to hold in Van Daam that the specific statute at issue here, § 34-11-22, "is entirely permissive" and simply "prescribes the form to be used if the parties agree to include" a non-judicial power of sale in their mortgage agreement. No. 90-

1116, 1990 WL 151385, at *3.[2]  In the end, we upheld dismissal of the plaintiff's complaint due to the lack of any basis to find that a foreclosure pursuant to § 34-11-22 involved any state action. Id.

Van Daam's reasoning is persuasive and we adopt it here. Accordingly, we find that Grapentine was not compelled by Rhode Island law to grant PCU a power of sale, and we conclude that she has failed to satisfy the state compulsion test.

### iv. *Recap*

After careful review of Grapentine's complaint, we find that none of PCU's alleged conduct can be ascribed to the state. Without a showing of state action, the district court had no jurisdiction under 42 U.S.C. § 1983 and properly dismissed Grapentine's complaint.

### B.  Alternative Bases of Jurisdiction

In addition to 42 U.S.C. § 1983, Grapentine's complaint asserts federal jurisdiction pursuant to the following federal statutes:  28 U.S.C. § 1331; 28 U.S.C. § 1337; and 28 U.S.C. § 2201.  When it granted PCU's motion to dismiss, the district court speculated that Grapentine may also have intended to assert jurisdiction under 28 U.S.C. § 1367.  We have parsed Grapentine's

---

[2] Although § 34-11-22 has been amended on several occasions since our decision in Van Daam, those amendments have not materially altered the statute with respect to the issues raised in this appeal.

brief, and her entire appellate argument is predicated on her assertion of jurisdiction under § 1983. Indeed, she does not even so much as mention any of these statutes, much less provide the sort of developed argument required to raise an issue on appeal. Accordingly, we find that Grapentine has waived any argument that jurisdiction is proper under any statute other than § 1983. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

## CONCLUSION

Grapentine's complaint does no more than allege "merely private conduct" over which we have no jurisdiction pursuant to 28 U.S.C. § 1983, "no matter how . . . wrongful." American Mfrs., 526 U.S. at 50. To the extent Grapentine is aggrieved by PCU's foreclosure process, her remedy lies not here, but with the courts of Rhode Island.

The judgment of the district court is **affirmed**.