**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4779**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN JOSUE ANDRADE GUZMAN,

Defendant - Appellant.

**No. 17-4780**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN JOSUE ANDRADE GUZMAN, a/k/a Angel Rodriguez,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria.  Liam O'Grady, District Judge.  (1:17-cr-00153-LO-1; 1:17-cr-00261- LO-1)

Submitted: June 29, 2018                                    Decided: August 1, 2018

Before MOTZ, AGEE, and HARRIS, Circuit Judges.

---

Dismissed in part, affirmed in part by unpublished per curiam opinion.

---

Geremy C. Kamens, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Tracy Doherty-McCormick, Acting United States Attorney, Kyle P. Reynolds, William G. Clayman, Special Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Josue Andrade Guzman appeals from concurrent 18-month sentences imposed for failing to update his sex offender registry under the Sex Offender Registration and Notification Act (SORNA), in violation of 18 U.S.C. § 2250(a) (2012) (the "SORNA offense") (No. 17-4780) and illegally reentering the United States after previous removal subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012) (the "illegal reentry offense") (No. 17-4779). Although indicted separately, these cases were consolidated after separate guilty plea hearings for a single sentencing proceeding in the district court and continue as consolidated cases on appeal. Guzman entered into a plea agreement on the SORNA offense that included a waiver of appellate rights and pleaded guilty to the illegal reentry offense without a plea agreement. We dismiss in part and affirm in part.

Guzman argues that the district court erred in concluding that his two offenses did not meet the requirements to group the offenses under U.S. Sentencing Guidelines Manual § 3D1.2 (2016), which would have resulted in Guzman's base offense level being no greater than if he had been convicted under the illegal reentry offense only. Guzman advocates vacatur of both concurrent sentences. However, Guzman voluntarily and validly waived his right to appeal the sentence imposed for the SORNA offense; therefore we dismiss that appeal.

The Government argues that Guzman's appeal of the concurrent illegal reentry sentence is also barred because it implicates the bargaining concessions given by the Government in the SORNA plea agreement. Guzman contends that the illegal reentry

3

offense level drove the Guidelines range because it had the higher base offense level and, therefore, raises sentencing issues apart from those contemplated in the plea agreement. *See* USSG § 3D1.4 (providing that the offense level applicable to multiple counts is determined by the group with the highest level). Further, Guzman argues that it is unclear whether the SORNA plea agreement foreclosed review of the illegal reentry sentence. He contends that, at best, it is ambiguous. We concur.

Plea agreements are grounded in contract law, and both parties should receive the benefit of their bargain. *United States v. Dawson*, 587 F.3d 640, 645 (4th Cir. 2009). "[B]oth constitutional and supervisory concerns require holding the Government to a greater degree of responsibility than the defendant for imprecisions or ambiguities in plea agreements." *United States v. Barefoot*, 754 F.3d 226, 243 (4th Cir. 2014) (internal quotation marks and ellipsis omitted). Where a plea agreement is ambiguous in its terms, the terms must be construed against the Government. *United States v. Harvey*, 791 F.2d 294, 303 (4th Cir. 1986). Whether a written plea agreement is ambiguous on its face is a matter ordinarily decided by a court as a matter of law. *United States v. Jordan*, 509 F.3d 191, 195 (4th Cir. 2007). We conclude that, while the intent of the SORNA offense plea was to consider the illegal reentry and SORNA sentences as one proceeding—a benefit to Guzman, whether Guzman retained the right to appeal the illegal reentry sentence separately is less than clear. For that reason, we construe the ambiguity against the Government and will review the illegal reentry sentence. *See Harvey*, 791 F.2d at 303.

Under harmless error review, the Government has the burden of showing that an error did not affect Guzman's substantial rights. *See United States v. Sullivan*, 455 F.3d

4

248, 265-66 (4th Cir. 2006). We have reviewed Guzman's claim that his offenses should have been grouped under USSG § 3D1.2 and conclude that no error affecting Guzman's substantial rights has been made, even in the event of error pertaining to grouping of the offenses under USSG § 3D1.2. *See United States v. Ellis*, 326 F.3d 493, 599-600 (4th Cir. 2003) (holding that sentence exceeding statutory maximum by twenty years did not affect substantial rights because defendant received equal or longer concurrent sentences on other counts); *United States v. Burns*, 298 F.3d 523, 544-45 (6th Cir. 2002) (holding that sentencing error did not affect defendants' substantial rights because error did not result in longer term of imprisonment). Here, Guzman was sentenced to 18 months' imprisonment on each of the two counts of conviction, to be served concurrently. His appellate waiver bars him from challenging the length of the sentence on the SORNA count. Even assuming error occurred pertaining to the illegal reentry sentence, that error is immaterial, as any error did not create a longer term of imprisonment. As such, it did not affect the outcome of Guzman's sentencing proceedings. *See United States v. Stokes*, 261 F.3d 496, 499 (4th Cir. 2001). Thus, the asserted grouping error would be harmless because the error could not affect Guzman's substantial rights.

Accordingly, we dismiss the appeal in No. 17-4780 as barred by the appellate waiver and affirm the sentence in No. 17-4779. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART;*
*AFFIRMED IN PART*

5